KEVIN G. CLARKSON
ATTORNEY GENERAL
Dario Borghesan (Alaska Bar No. 1005015)
Assistant Attorney General
Department of Law
1031 West Fourth Avenue, Suite 200
Anchorage, AK  99501
Telephone: (907) 269-5275
Facsimile: (907) 276-3697
Email: dario.borghesan@alaska.gov

Attorney for Defendant Christina L. Reigh

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA**

| | |
|---|---|
| DAVID GARY GLADDEN, in propria persona, | ) ) ) |
| Plaintiff, | ) ) Case No. 3:19-cv-00099-SLG ) |
| v. | ) ) |
| CHRISTINA L. REIGH, in her personal and presumed Official capacity, | ) **MOTION TO DISMISS FOR** ) **FAILURE TO STATE A CLAIM** ) **(FED. R. CIV. P. 12(b)(6)).** |
| Defendant. | ) |

## INTRODUCTION

Plaintiff David Gary Gladden filed a complaint in the Superior Court for the State of Alaska seeking to enforce an alleged contract to perform mechanical work on an airplane owned by an acquaintance of his. After presiding over the trial on this claim and the defendant's counterclaim, Judge Christina L. Reigh found that there was no such contract. Instead she found that Gladden had flown his friend's plane to Washington without permission and made unauthorized modifications to it. Judge Reigh ruled that Gladden is liable for damages to compensate for the loss of the plane's value and the cost

of restoring the plane to its previous condition. Now Gladden, having invoked the jurisdiction of the Alaska superior court in an unsuccessful effort to recover damages from his friend, alleges that Judge Reigh lacked jurisdiction in that matter and asks this Court to award him damages against her instead.

Gladden's claims should be dismissed because he cannot show he is entitled to the relief he requests. Gladden attempts to state claims under 42 U.S.C. § 1983, alleging that Judge Reigh proceeded in the "clear absence of all jurisdiction" and thus denied him due process. First Am. Compl. at 5.[1] He seeks damages from Judge Reigh in an amount comparable to the judgement she issued against him, plus two million dollars more in punitive damages. First Am. Compl. at 96. But judges enjoy absolute immunity from suit under § 1983. Even if his complaint were construed as an attempt to vacate or reverse the decision of the Alaska superior court, this Court would be unable to grant him that relief. Finally, the only federal right he identifies as the basis for his § 1983 claim, due process, was not violated here because Alaska law offers Gladden all the process that the U.S. Constitution requires: the right to appeal his adverse decision to the Alaska Supreme Court and present his jurisdictional arguments there. This Court should dismiss his claims under Fed. R. Civ. P. 12(b)(6) for failure to state a claim on which relief may be granted.

---

[1] The paragraph numbers of the first amended complaint reset in each subsection, so this motion refers to page numbers instead.

*Gladden v. Reigh*                                                                   Case No. 3:19-cv-00099-SLG
Motion to Dismiss                                                                                Page 2 of 11
Case 3:19-cv-00099-SLG   Document 9   Filed 05/28/19   Page 2 of 11

## STANDARDS FOR MOTION TO DISMISS

A motion to dismiss for failure to state a claim under Rule 12(b)(6) tests the legal sufficiency of a complaint. To withstand a motion to dismiss, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic v. Twombly,* 550 U.S. 544, 570 (2007). "[A] formulaic recitation of the elements of a cause of action will not do." *Id.* at 555.

For purposes of ruling on a Rule 12(b)(6) motion, the Court "accept[s] factual allegations in the complaint as true and construe[s] the pleadings in the light most favorable to the non-moving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.,* 519 F.3d 1025, 1031 (9th Cir.2008). "[A] court may generally consider only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice." *Swartz v. KPMG LLP,* 476 F.3d 756, 763 (9th Cir.2007). Yet the Court "need not accept as true conclusory allegations that are contradicted by documents referred to in the complaint." *Manzarek*, 519 F.3d at 1031. Nor must a court need not accept as true conclusory allegations or legal characterizations. *Clegg v. Cult Awareness Network,* 18 F.3d 752, 754–55 (9th Cir.1994).

## SUMMARY OF ALLEGATIONS

Although Gladden's devotes most of his 105-page First Amended Complaint to dubious legal theories about the jurisdiction of the Alaska courts and the qualifications of Alaska judges, the gravamen of his complaint is readily discerned. Gladden believes that Judge Reigh lacked jurisdiction to preside over the lawsuit he filed in the Alaska superior court, No. 3DI-18-00002 CI, which resulted in a money judgment against him. Compl. at

*Gladden v. Reigh*  Case No. 3:19-cv-00099-SLG
Motion to Dismiss  Page 3 of 11
Case 3:19-cv-00099-SLG   Document 9   Filed 05/28/19   Page 3 of 11

1, 82-84, 93-94, 96. Rather than take his jurisdictional argument to the Alaska Supreme Court via direct appeal, he has filed this lawsuit to recover damages personally from Judge Reigh sufficient to offset the judgment against him. *Compare* Compl. at 96 *with* Compl. Ex. 24 at 1. He also seeks millions in punitive damages. Compl. at 96.

The first paragraph of the complaint alleges that Judge Reigh "proceed[ed] against Gladden after Gladden had given Reigh 'actual notice' that she was proceeding with a 'clear absence of all jurisdiction' in the Case: 3DI-18-0002CI in Dillingham, Alaska . . . ." Compl. at 1. Gladden maintains that jurisdiction exists under "42 U.S.C. § 1983 for a 'clear absence of all jurisdiction' for a total denial of 'Due Process of Law' [*sic*] . . . ." Compl. at 5. In support of this assertion, Gladden devotes reams of paper to the theory that Judge Reigh is not truly a judge of the Alaska superior court and that the superior court for the third judicial district is not a valid court. But he returns again to his main point in his prayer for relief, in which he "seeks damages . . . from REIGH for her proceeding forward against with a 'clear absence of all jurisdiction' in Case 3DI-18-00002CI in Dillingham, Alaska [*sic*] . . . ." Gladden also attaches a series of documents from this case that flesh out the nature of his claims. Compl. at 82 – 84 & Ex. 18-25.

Exhibit 23 to the complaint is Judge Reigh's findings of fact, conclusions of law, and final order in *David Gladden v. James Bingman, Sr.*, 3DI-18-00002 CI, dated January 22, 2019. This document indicates that Gladden sued Bingman in the Alaska superior court in Dillingham to enforce an alleged contract to perform work on an airplane belonging to Bingman. Compl. Ex. 23 at 1. Bingman counterclaimed against Gladden, alleging that he interfered with Bingman's possession of the airplane and its

*Gladden v. Reigh*  Case No. 3:19-cv-00099-SLG
Motion to Dismiss  Page 4 of 11
Case 3:19-cv-00099-SLG   Document 9   Filed 05/28/19   Page 4 of 11

logbook, resulting in damages. *Id.* Trial was held over three days in late 2018 and early 2019. *Id.* After hearing the evidence at trial, Judge Reigh found that there was no contract between the parties. *Id.* at 3, 5. Instead, Judge Reigh found that in 2017 Gladden had taken possession of Bingman's plane and flown it from Dillingham to Walla Walla, Washington without Bingman's permission. *Id.* at 3. Roughly a month later, Gladden flew the airplane back to Dillingham. *Id.* at 4. Judge Reigh also found that Gladden performed a major alteration on the airplane. *Id.* at 4. Because major alterations must be approved by the FAA, and this one had not, Bingman's plane was no longer airworthy as a result of the work Gladden performed on it. *Id.* at 4.

Reigh concluded that Gladden had intentionally interfered with Bingman's possession of his plane and caused damage to it. *Id.* at 5. Reigh ruled that Bingman was entitled to recover $21,530 in damages from Gladden. *Id.* at 6. She also ruled that Gladden must return the airplane's logbook within 10 days under pain of sanctions and further damages. *Id.* at 6. A final judgment awarding both damages and litigation costs in the case was entered on February 22, 2019. Compl. Ex. 24 at 1.

Gladden now comes to this Court arguing that Judge Reigh presided without jurisdiction over his case in the Alaska superior court. Compl. at 1, 93-94, 96.

## ARGUMENT

### I. Judge Reigh has immunity against Gladden's § 1983 action for damages.

"It is well established that state judges are entitled to absolute immunity for their judicial acts." *Swift v. California*, 384 F.3d 1184, 1188 (9th Cir. 2004) (citing *Pierson v. Ray*, 386 U.S. 547, 553-54 (1967)). Immunity applies to judicial acts "even when such

*Gladden v. Reigh*  Case No. 3:19-cv-00099-SLG
Motion to Dismiss  Page 5 of 11
Case 3:19-cv-00099-SLG   Document 9   Filed 05/28/19   Page 5 of 11

acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly." *Stump v. Sparkman,* 435 U.S. 349, 356 (1978). The only exceptions are for acts that are not judicial in nature and for actions taken "in the clear absence of all jurisdiction." *Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986).

Gladden does not argue that Judge Reigh's acts were not judicial in nature, nor could he. An act is "judicial" if it is "a normal judicial function," occurred in the judge's chambers, "centered around a case then pending before the judge," and "arose directly and immediately out of a confrontation with the judge in his or her official capacity." *New Alaska Dev. Corp. v. Guetschow*, 869 F.2d 1298, 1302 (9th Cir. 1989) (citing *Ashelman*, 793 F.3d at 1075-76). The act at the core of Gladden's claims against Judge Reigh are the orders she issued in 3DI-18-2 CI, Compl. at 1, 82-84, 93-94, 96, Compl. Ex. 18-25, and these orders check all the boxes of "judicial" action.

Gladden's argument that Judge Reigh was acting "in the clear absence of all jurisdiction" while presiding over his case lacks merit too. This type of argument fails if "the judge's ultimate acts are judicial actions taken within the court's subject matter jurisdiction." *Guetschow*, 869 F.2d at 1302 (quoting *Ashelman*, 793 F.3d at 1076); *accord Stump v. Sparkman*, 435 U.S. at 356 n.6 (explaining clear absence of all jurisdiction does not exist "where jurisdiction over the subject-matter is invested by law in the judge, or in the office which he holds"). To make this determination, federal courts look to state law. *See Guetschow*, 869 F.2d at 1302. For example, in *Guetschow* the plaintiff sued the judge in his divorce case in the Alaska superior court under § 1983, alleging that the judge acted in the clear absence of all jurisdiction when dividing the assets of the plaintiff's

Gladden v. Reigh  Case No. 3:19-cv-00099-SLG
Motion to Dismiss  Page 6 of 11
Case 3:19-cv-00099-SLG   Document 9   Filed 05/28/19   Page 6 of 11

closely-held corporation as part of the marital property division. The Ninth Circuit rejected this argument, citing Alaska statutes and decisions of the Alaska Supreme Court in holding that the judge was entitled to immunity because his actions "c[ame] within the trial judge's general subject matter jurisdiction." *Id.*

The act that Gladden's complaint is based on—Judge Reigh's order that Gladden is liable for intentional interference with his friend's airplane and must pay the resulting damages—is well within the subject-matter jurisdiction of the Alaska superior court.[2] "The superior court is the trial court of general jurisdiction, with original jurisdiction in all civil and criminal matters," and its jurisdiction "extends over the whole of the state" of Alaska. Alaska Stat. 22.10.020(a) – (b). "The superior court has been traditionally regarded as having the power to hear all controversies which may be brought before it within the legal bounds of rights or remedies, except insofar as has been expressly and unequivocally *denied* by the state's constitution or statutes." *Siggelkow v. State*, 731 P.2d 57, 61 (Alaska 1987) (emphasis in original). Accordingly the superior court has jurisdiction over both contract claims such as the one Gladden filed, *see Bubbel v. Wien Air Alaska, Inc.*, 682 P.2d 374, 376 n.2 (Alaska 1984) (holding superior court had jurisdiction over contract claim which did not involve interpretation of collective bargaining agreement), and tort claims for intentional interference and conversion like the counterclaim against him, *see K&K Recycling, Inc. v. Alaska Gold Co.*, 80 P.3d 702, 716-

---

[2] Although Gladden complains of other cases in the Alaska courts to which he was a party, *e.g.* Compl. at 85, those cases were before other judges—whom he has not named in this complaint—and thus cannot be the basis for his claims against Judge Reigh.

*Gladden v. Reigh*  Case No. 3:19-cv-00099-SLG
Motion to Dismiss  Page 7 of 11
Case 3:19-cv-00099-SLG   Document 9   Filed 05/28/19   Page 7 of 11

17 (Alaska 2003); *Adam M. v. Christina B.*, No. S-14569, 2013 WL 2490423 at *6 (Alaska June 5, 2013) (rejecting argument that superior court lacked jurisdiction to adjudicate tort claim between spouses in divorce action). Even if Gladden's implausible allegations about Judge Reigh's oath of office and the division of the superior court into improper administrative districts were true,[3] they would not matter: the judicial order that he complains of is unquestionably a judicial action within the subject-matter jurisdiction of the Alaska superior court.

For this reason, Judge Reigh has immunity against Gladden's section 1983 claims. Because Gladden does not plead any other cause of action for damages or seek any other form of relief, his complaint must be dismissed in its entirety.

**II.     Even if Gladden's complaint were construed as an attempt to reverse the state court judgment against him, the *Rooker-Feldman* doctrine would preclude this Court from granting that relief.**

Even if the Court were to generously construe Mr. Gladden's complaint as a bid to vacate or reverse the state court judgment against him, the Court could not grant him that relief because of the *Rooker–Feldman* doctrine. *Rooker–Feldman* prohibits a federal district court from exercising subject matter jurisdiction over a suit that is a de facto appeal from a state court judgment. *Bianchi v. Rylaarsdam,* 334 F.3d 895, 898 (9th Cir. 2003). Put another way, "[i]f a federal plaintiff asserts as a legal wrong an allegedly erroneous decision by a state court, and seeks relief from a state court judgment based on

---

[3]     This Court can take judicial notice that according to the Alaska Court System, Judge Reigh is an official superior court judge. *See* https://public.courts.alaska.gov/web/judges/docs/clr.pdf (last accessed May 28, 2019).

*Gladden v. Reigh*                                                        Case No. 3:19-cv-00099-SLG
Motion to Dismiss                                                                    Page 8 of 11
Case 3:19-cv-00099-SLG   Document 9   Filed 05/28/19   Page 8 of 11

that decision, *Rooker–Feldman* bars subject matter jurisdiction in federal district court." *Kougasian v. TMSL, Inc.*, 359 F.3d 1136, 1140 (9th Cir. 2004). To the extent Gladden seeks to undo the effect of the superior court's order, this Court lacks jurisdiction to grant him that relief.

### III. Gladden fails to show a violation of the U.S. Constitution or federal statute that would entitle him to relief under § 1983.

Alleging a violation of 42 U.S.C. § 1983 is not enough to state a viable claim. The plaintiff must also show a violation of a federal constitutional or statutory right for which § 1983 provides a remedy. *Guetschow*, 869 F.2d at 1305 ("To sustain an action under § 1983, a plaintiff must show . . . that the conduct [complained of] deprived the plaintiff of a constitutional right."). Although Gladden invokes the phrase "due process" in his bid for federal jurisdiction, Compl. at 5, a due process claim fails as a matter of law because "available post-deprivation state law remedies provide [him] with all the process that is due." *Guetschow*, 869 F.2d at 1305. Gladden, like all litigants in the Alaska superior court, has the right to appeal an adverse decision to the Alaska Supreme Court. Alaska Stat. 22.05.010(a) (providing a party may appeal an action commenced in the superior court to the Alaska Supreme Court as a matter of right); Alaska R. App. P. 202(a) ("An appeal may be taken to the supreme court from a final judgment entered by the superior court . . . ."). That process affords him a remedy for any jurisdictional deficiencies in his superior court case, so he cannot maintain that Judge Reigh's order deprives him of property with due process. Because Gladden does not identify any other federal

*Gladden v. Reigh*     Case No. 3:19-cv-00099-SLG
Motion to Dismiss     Page 9 of 11
Case 3:19-cv-00099-SLG Document 9 Filed 05/28/19 Page 9 of 11

constitutional or statutory rights that were violated by Judge Reigh, his § 1983 claim fails as a matter of law.

DATED: May 28, 2019.

                        KEVIN G. CLARKSON
                        ATTORNEY GENERAL

                By:   /s/Dario Borghesan
                      Dario Borghesan
                      Assistant Attorney General
                      Alaska Bar No. 1005015
                      Department of Law
                      1031 West Fourth Avenue, Suite 200
                      Anchorage, AK 99501
                      Phone: (907) 269-5275
                      Facsimile: (907) 276-3697
                      Email: dario.borghesan@alaska.gov
                      Attorney for Defendant Christina L. Reigh

*Gladden v. Reigh*                         Case No. 3:19-cv-00099-SLG
Motion to Dismiss                         Page 10 of 11
Case 3:19-cv-00099-SLG   Document 9   Filed 05/28/19   Page 10 of 11

## CERTIFICATE OF SERVICE

I certify that on May 28, 2019 the foregoing was served electronically on all parties via CM/ECF. I also caused to be served via U.S. mail a paper copy of this document on:

David Gary Gladden
P.O. Box 977109
Wasilla, AK  99687

/s/Dario Borghesan

Dario Borghesan
Assistant Attorney General

*Gladden v. Reigh*  Case No. 3:19-cv-00099-SLG
Motion to Dismiss  Page 11 of 11
Case 3:19-cv-00099-SLG   Document 9   Filed 05/28/19   Page 11 of 11