KEVIN G. CLARKSON
ATTORNEY GENERAL
Dario Borghesan (Alaska Bar No. 1005015)
Assistant Attorney General
Department of Law
1031 West Fourth Avenue, Suite 200
Anchorage, AK 99501
Telephone: (907) 269-5275
Facsimile: (907) 276-3697
Email: dario.borghesan@alaska.gov

Attorney for Defendant Christina L. Reigh

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA**

| | |
|---|---|
| DAVID GARY GLADDEN, in propria persona, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Case No. 3:19-cv-00099-SLG ) |
| CHRISTINA L. REIGH, in her personal and presumed Official capacity, | ) **MOTION TO EXPUNGE LIS** ) **PENDENS** ) |
| Defendant. | ) |

Defendant Christina L. Reigh respectfully moves this Court to expunge the lis pendens that plaintiff David Gary Gladden has recorded against Judge Reigh's personal residence in connection with litigation. *See* Notice of Lis Pendens (May 13, 2019), Dkt 7-1. The lis pendens is invalid because the litigation Mr. Gladden has initiated in this Court is not "an action affecting the title to or the right of possession of real property," a necessary condition for recording a lis pendens under Alaska law. Alaska Stat. 09.45.940.

This Court has jurisdiction to expunge the lis pendens. So long as a federal district court has jurisdiction over the underlying claims, it has jurisdiction to expunge a lis pendens pertaining to that action. *See Orange County v. Hong Kong and Shanghai Banking Corp. Ltd.*, 52 F.3d 821, 822 (9th Cir. 1995) (noting that district court had subject-matter jurisdiction pursuant to 28 U.S.C. § 1331 while concluding that appeals court lacked appellate jurisdiction to review district court's order expunging lis pendens); *Demenus v. Tinton 35, Inc.*, 873 F.2d 50, 51 n.1, 52 (3d Cir. 1989) (same). Indeed, even if a federal district court *lacks* subject matter jurisdiction over the plaintiff's claims for relief, if still has jurisdiction to expunge a lis pendens recorded by the plaintiff in connection with those claims. *See Cornell v. Select Portfolio Servicing, Inc.*, No. CIV S-11-1462 KJM-EFB, 2011 WL 6097721, at *2 (E.D. Cal. Nov. 29, 2011) ("The court ruled that it did not have subject matter jurisdiction over plaintiff's claims for quiet title, injunctive relief and wrongful conversion. That decision, however, is wholly unrelated to the court's power to expunge the *lis pendens* after dismissal of the action. Indeed, if plaintiff's position were valid, any person could hypothetically cloud title in perpetuity by maintaining a *lis pendens* on real property even after the claims upon which the *lis pendens* is filed have been dismissed and are no longer pending. The purpose of a *lis pendens,* however, is to give constructive notice that an action has been filed affecting title or right to possession of the real property described in the notice. Once that action has been dismissed, the *lis pendens* serves no purpose, and thus, must be expunged. (internal citation and quotation marks omitted)).

*Gladden v. Reigh*  Case No. 3:19-cv-00099-SLG
Motion to Expunge Lis Pendens  Page 2 of 6
Case 3:19-cv-00099-SLG   Document 12   Filed 06/06/19   Page 2 of 6

In reviewing the validity of a lis pendens, federal courts look to state law. *Silas v. Argent Mortgage Co., LLC*, No. 1:17-cv-00703-LJO-JLT, 2017 WL 3131057, at *11 (E.D. Cal. July 24, 2017) (citing 28 U.S.C. § 1964). For example, federal district courts in California have expunged lis pendens after concluding that the plaintiffs' claims did not contain valid real property claims, a prerequisite for recording a lis pendens under California law. *E.g. Silas,* 2017 WL 3131057 at *11 (granting motion to expunge lis pendens because real property claims barred by statute of limitations and res judicata); *Doan v. Singh*, No. 1:13-cv-531-LJO-SMS, 2014 WL 3867418, at *2-3 (E.D. Cal. Aug. 6, 2014) (granting motion to expunge lis pendens after concluding that plaintiffs' real property claims were not ripe).

Under Alaska law, a lis pendens must be expunged if the litigation to which it pertains is not "an action affecting the title to or the right of possession of real property." Alaska Stat. 09.45.940. The Alaska Supreme Court "strictly construe[s]" the lis pendens statute. *Asher v. Alkan Shelter, LLC*, 212 P.3d 772, 782 n.34 (Alaska 2009), abrogated on other grounds by *Shaffer v. Bellows*, 260 P.3d 1064 (Alaska 2011). "A lis pendens is only appropriate in cases disputing title or physical possession of real property." *Asher*, 212 P.3d at 782 n.34. In a previous lawsuit involving Mr. Gladden, the Alaska Supreme Court affirmed expunction of the lis pendens he recorded against the defendants (including a judge with whom he was displeased) because Gladden's pleadings did not "demonstrate any legally cognizable connection between his superior court action and real property

owned by any of the individual defendants." *Gladden v. City of Dillingham*, Nos. S-15073/15303, 2014 WL 4952505, at *3 (Alaska Oct. 1, 2014).

The same is true here: this lawsuit is not an "action affecting the title to or the right of possession of real property." Alaska Stat. 09.45.940. Mr. Gladden seeks damages from Judge Reigh, who presided over his unsuccessful lawsuit in the Alaska superior court, alleging that Judge Reigh lacked jurisdiction in his case. First Am. Compl. at 1, 82-84, 93-94, 96. His claims do not have anything to do with title to or right to possession of Judge Reigh's personal residence. His lis pendens "was never valid" and should be expunged. *Id.* at *3; *accord Asher*, 212 P.3d at 782 n.34 ("We have previously found lis pendens inappropriate where the litigation sought damages for breach of fiduciary duty and breach of contract, even though the complaint demanded an accounting of all defendant's ill-gotten gains that might be traced to the property on which the plaintiff filed a lis pendens." (citing *Blake v. Gilbert*, 702 P.2d 631, 643 (Alaska 1985), overruled on other grounds in *Bibo v. Jeffrey's Rest.*, 770 P.2d 290 (Alaska 1989)).

Finally, even if the lis pendens were valid under Alaska law—and it is not—this Court should still expunge it if the Court grants Judge Reigh's motion to dismiss Mr. Gladden's claims. *See* Mot. to Dismiss for Failure to State a Claim (May 28, 2019), at Dkt 9. "The purpose of a *lis pendens* . . . is to give constructive notice that an action has been filed affecting title or right to possession of the real property described," so "[o]nce that action has been dismissed, the *lis pendens* serves no purpose, and thus, must be expunged." *Cornell v. Select Portfolio Servicing, Inc.*, 2011 WL 6097721, at *2.

DATED: June 6, 2019.

        KEVIN G. CLARKSON
        ATTORNEY GENERAL

    By:    /s/Dario Borghesan
        Dario Borghesan
        Assistant Attorney General
        Alaska Bar No. 1005015
        Department of Law
        1031 West Fourth Avenue, Suite 200
        Anchorage, AK 99501
        Phone: (907) 269-5275
        Facsimile: (907) 276-3697
        Email: dario.borghesan@alaska.gov
        Attorney for Defendant Christina L. Reigh

## CERTIFICATE OF SERVICE

I certify that on June 6, 2019 the foregoing was served electronically on all parties via CM/ECF. I also caused to be served via U.S. mail a paper copy of this document on:

David Gary Gladden
13193 S. Old Knik Harbor Dr.
Wasilla, AK 99623

/s/Dario Borghesan

Dario Borghesan
Assistant Attorney General