"David Gary Gladden"
13193 South Old Knik Harbor Drive
Wasilla, Alaska [99623]
907-671-7370 Phone
907-357-8004 Fax (call to turn on)
dave@alaskaminuteman.com

**RECEIVED**

JUN **1 9** 2019

**CLERK, U.S. DISTRICT COURT
ANCHORAGE, A.K.**

**"District Court of the United States"**
**District of Alaska**
**Anchorage, Alaska**

| | |
|---|---|
| **David Gary Gladden,** *in propria persona* ) | |
| Plaintiff ) | |
| ) | |
| *Versus* ) | **Case: 3:19-cv-99** |
| ) | |
| **CHRISTINA L. REIGH, in her** *personal and* ) | |
| **Presumed Official Capacity** ) | |

**Certification of Third Amended Complaint and ERRATA; and, Object to the
Interdiction by Judge GLEASON**

**Comes Now**, David Gary Gladden, ("Gladden") Certification of Third Amended

Complaint and ERRATA; and Object to the Interdiction by Judge **GLEASON**.

Gladden did file on May 24, 2019, a Third Amended Complaint with fifty-nine

(59) Attachments that should have been labeled [Errata] Second Amended Complaint as

informed by the Clerk, which does not affect the filing veracity in any manner.

The Date of filing on May 24, 2019 is evidenced by **Attachment 1—Stamped by**

**the Clerk ("Attach 1—Evidence of Filing").**

Certification is verified also verified that the Third Amended Complaint was mail

by **Attachment 2—USPS mailing Receipt ("Attach 2—Mailing Receipt").**

Certification is also verified by the USPS Tracking Information being **Attachment**

Case 3:19-cv-00099-SLG   Document 13   Filed 06/19/19   Page 1 of 6

**3—USPS Tracking Info ("Attach 3—USPS Tracking")** that the Third Amended Complaint and 59 Attachment was available for pickup on Tuesday, May 28, 2019, but was not picked up until Wednesday, May 29, 2019, being one day after the electronic filing of the Motion to Dismiss filed on May 28, 2019—My how convenient for **CHRISTINA L. REIGH ("REIGH")**.

In calling the Clerk of the "District Court of the United States" on the phone on May 29, 2019 to ask why the Third Amended Complaint was not filed in the Docket in Pacer, wherein the Clerk stated that **JUDGE GLEASON ("GLEASON")** had the Third Amended Complaint and the fifty nine (59) Attachment in her chambers. Amazing then on May 29, 2019 the Clerk scanned the Third Amended Complaint into Pacer.

This illegal interdiction by **GLEASON** (which NOW leads Gladden with unassailable evidence that this will be one of many procedural tricks by **GLEASON** to protect her Sister Alaska Bar Member **REIGH**—very disappointing as **GLEASON** has several good unbiased opinions what in the **STATE OF ALASKA Third Judicial District (administrative Alaska Bar district)** is a denial of **Due Process of Law to** create the procedural illusion that **REIGH** did not know that the **Third Amended Complaint was timely filed on May 24, 2019, being four (4) days BEFORE the Motion to Dismiss was filed in May 28, 2019.**

This interdiction does not alleviate **REIGH of the duty** to see what is filed in this instant Case and upon discovery of a Third Amended Complaint with fifty nine (59) Attachments (if innocent, which Gladden is positive it wasn't) to Correct the Motion to Dismiss to address the timely filed Third Amendment Complaint with fifty nine (59)

attachment on May 24, 2019, which has not Happened of course.

Of Course now **GLEASON** filed in at **UNSIGNED MINUTE ORDER FROM CHAMBERS** at Docket 11, on May 31, 2019 for Gladden to address Docket 9—the Bogus Motion to Dismiss and therein intentionally establishing the PROCEDURAL Ruse of denying the existence of the prior and timely filing of the Third Amended Complaint on May 24, 2019.

Gladden filed used the Summons for the **"District Court of the United States[1]"** as evidenced by **Attachment 4—Summons ("Attach 4—Summons") evidenced by** at the top of the Summons (**District Court of the United States**) even though the Clerk used the Seal of the "United States District Court" to establish the alleged jurisdiction of the "United States District Court" Article I, Section 8, Clause 9

Of course **GLEASON** and **REIGH** which are deemed to know the law with both having the knowledge that the **"United States District Court"** is merely an **Article I, Section 8, Clause 9 "To constitute Tribunals inferior to the supreme Court."**

This is evidenced by *Eastern Metals Corporation v. Martin*, 191 F.Supp. 245, 248 (S.D.N.Y. 1960), to wit:

---

[1] **Article III**
Section 1. The **judicial Power of the United States,** shall be vested in  one supreme Court, **and in such inferior Courts as the Congress may from time to time ordain and establish.** The Judges, both of the supreme and inferior Courts, shall hold their Offices during good Behaviour, and  shall, at stated Times, receive for their Services, a Compensation,  which shall not be diminished during their Continuance in Office.

Section 2. **The judicial Power shall extend to all Cases, in Law and  Equity, arising under this Constitution, the Laws of the United States,**  and Treaties made, or which shall be made, **under their Authority.**

[1] A **United States District Court** is an 'inferior' court, i.e., inferior to the United States Supreme Court. The **District Court is a tribunal created by Congress under the power given to Congress by Article 1, Section 8, Clause 9,** of the United States Constitution, which provides that Congress shall have power '**To constitute Tribunals inferior to the supreme Court'**. *Romero v. International Terminal Operating Co.*, 358 U.S. 354, 79 S.Ct. 468, 3 L.Ed. 368. **The creation and composition of the United States District Courts is presently set forth in T. 28 U.S.C. § 132.** A **United States District Court has only such jurisdiction as the Congress confers upon the court.**

**The general jurisdiction of United States District Courts is set forth in T. 28 U.S.C. Chap. 85 (§§ 1331 to 1360).**

And this Ruse of Article III will most certainly be continued by **GLEASON that this "Controversy" by** *ipse dixit* **pontifications of GLEASON claiming, or never admitting, that this "United States District Court" does NOT arise** under Article III Sections 1 and 2 exercising the "Judicial Power of the United States" and that "The judicial Power shall extend to all **Cases, in Law and equity,** arising under this Constitution, the Laws of the United States, and Treaties made, or which shall be made, under their Authority."

That this "United States District Court" is a bona fide Article III Sections 1 and 2 Court of the United States, *i.e.* "District Court of the United States" is also conclusively refuted by *United States v. Roberts*, 618 F.2d 530, 546 (9th Cir. 1980), to wit:

> There shall be in each judicial district a district court . . ." and "**the judicial power of a district court . . . may be exercised by a single judge . . .**". This last provision **should be noticed; it is fundamental that a district judge has no judicial power individually; his judicial power is exercised as the representative of a court. "(J)urisdiction is lodged in a court, not in a person. The judge, exercising the jurisdiction, acts for the court".** *In re Brown*, 346 F.2d 903, 910 (5th Cir. 1965), quoted with approval in *United States v. Teresi*, 484 F.2d 894, 898 (7th Cir. 1973). * * * The Supreme Court has said: "**District Courts are solely the creation of**

**statute, and the place in which a judge thereof may exercise jurisdiction is subject absolutely to the control of Congress".** *McDowell v. United States*, 159 U.S. 596, 598-9, 16 S.Ct. 111, 111-112, 40 L.Ed. 271 (1895)

It is an unassailable FACT that **GLEASON** acts as a "**representative of the court**" *supra.*; and further, that "The judge **[GLEASON]** . . . **acts for the court**;" and further, that **GLEASON** is "**subject absolutely to the control of Congress**" and not an "**independent Judge**" arising under Article III sections 1 and 2 exercising the "judicial Power of the United States" but exercising the "judicial power of a district court" as evidenced also in 28 U.S.C. 132(c).

Therefore, the filing of the Third Amended Complaint (Errata – Second Amended Complaint) with fifty nine Attachments is conclusively evidenced as being filed into the "District Court of the United States" on May 24th, 2019 and was in the Chambers of **REIGH on May 29th, 2019.**

And further, **GLEASON** had no authority to take the Third Amended Complaint and fifty nine (59) Attachments into her chambers and according to the Clerk was the reason for the delay of scanning into Pacer creating cover for **REIGH's Motion to Dismiss.**

And further, Gladden does strenuously object to this procedural ruse of Docket 9 being Filed, being an affirmative and overt Act of Denial of Due Process of Law by **GLEASON intentionally ignoring the timely filed Third Amended Complaint with fifty nine (59) Attachments and Noticing Gladden to Oppose Docket 9, being the filing of the First Amendment Complaint filed evidenced by Docket 11.**

This is NOT the Opposition that was due on May 18th, 2019 by **GLEASON.**

**GLEASON should *sua sponte*, amend Docket 11 to require REIGH to if a Motion to Dismiss is filed to file in concerning the Third [Second] Amended Complaint with its fifty nine Attachments. Will this happen? Nope, probably not, as this CON has been going on since 1948.**

My Hand,

*David Gary Gladden*

### Certificate of Service

I certify that a true and correct copy of this Motion and Attachments were mailed via USPS first class to the following parties, to wit:

**CHRISTINA L. REIGH**
P.O. Box 965
Dillingham, Alaska 99576

No Appearance Yet by Dario Borghesan
**Courtesy Copy**
**DARIO BORGHESAN**
1031 West Fourth Avenue, Suite 200
Anchorage, Alaska 99501
907-269-5720 Phone
907-279-2834 Fax
Dario.gorghesan@alaska.gov.

Date: June 18th, 2019

*David Gary Gladden*
Signature.