"David Gary Gladden"
13193 South Old Knik Harbor Drive
Wasilla, Alaska [99623]
907-671-7370 Phone
907-357-8004 Fax (call to turn on)
dave@alaskaminuteman.com

RECEIVED
JUN 1 9 2019
CLERK, U.S. DISTRICT COURT
ANCHORAGE, A.K.

## "District Court of the United States"
### District of Alaska
### Anchorage, Alaska

**David Gary Gladden,** *in propria persona*  )
    Plaintiff  )
    )
*Versus*  ) **Case: 3:19-cv-99**
    )
**CHRISTINA L. REIGH, in her** *personal and* )
    **Presumed Official Capacity**  )

### Objection to DARIO BORGHESAN Intrusion into this Instant Controversy Arising under Article III Sections 1 and 2

**Comes Now,** David Gary Gladden, ("Gladden") with this "**Objection to DARIO BORGHESAN ("BORGHESAN") Intrusion into this Instant Controversy Arising Under Article III Sections 1 and 2.**" ("Objection").

### Table of Contents

I. Appearance .................................................................................................. 2
  A. Deemed To Know the Law.................................................................... 3
    a. Lawyers LIE with Impunity................................................................ 5
  B. BORGHESAN is a Member of Alaska Bar Association in the "Third Judicial District" .................................................................................................. 6
    a. REIGH's Rule 64 and Rule 5 with Oath............................................ 7

C. BORGHESAN Is Given Actual Notice that the "United States District Court" is Merely a "Legislative Court" under Article I, Section 8, Clause 9 "To constitute Tribunals inferior to the supreme Court." ........................................................................ 8

II. Certificate of Service ................................................................................ 11

## I. Appearance

First, it is had been a long established standard **Procedure** required to make an **Official Appearance** on the Record into a Controversy arising under an Article III Court of the United States Sections 1 and 2; and, a long established stand Procedure even in this current Article I "**legislative court**" being the "**United States District Court**" under **Article I, Section 8, Clause 9 "To constitute Tribunals inferior to the supreme Court**[1] as evidenced by **Attachment 1—Attorney Appearance Form. ("Attach 1—Appearance")** so that Gladden is informed in the Official Record who **DARIO BORGHESAN ("BORGHESAN")** is "counsel for;" *i.e.*, if BORGHESAN is **counsel for** CHRISTINA L. REIGH ("REIGH") in her "official" capacity in the "Third District" – "Superior Court of the State of Alaska;"

OR, if BORGHESAN is **counsel for** CHRISTINA L. REIGH ("REIGH") in her "official" capacity in the "Third Judicial District" "IN THE SUPERIOR COURT FOR THE STATE OF ALASKA;"

And, also if BORGHESAN is "counsel **for**," REIGH in her "personal" capacity or not.

---

[1] *Eastern Metals Corporation v. Martin*, 191 F.Supp. 245, 248 (S.D.N.Y. 1960); and, *United States v. Roberts*, 618 F.2d 530, 546 (9th Cir. 1980).

BORGHESAN sent Gladden a letter evidenced by **Attachment 2—Letter** ("Attach 2—Letter") that he has been "assigned to represent Judge Christina Reigh." Gladden has no idea of what capacities (Official (2) options and/or personal) that **BORGHESAN is "counsel for" REIGH** and **BORGHESAN** is deemed to know the Laws of the United States.

## A. Deemed To Know the Law

**BORGHESAN** is deemed to know the Law As pronounced in *Inb Groh v. Ramirez*, 540 U.S. 551, 563, 564 (2004) "If the law was clearly established . . . a reasonably competent public official should know the law governing his conduct." Citing *Harlow v. Fitzgerald*, 457 U.S. 800, 818-819 (1982); *State of Ohio v. Davis*, 584 N.E.2d 1192, 1196 (Sup.Ct. Ohio 1992) "**Judges**, unlike juries, **are presumed to know the law**."; *Leary v. Gledhill*, 84 A.2d 725, 728 (Sup.Ct. NJ 1951) "A court will in general take judicial notice of and apply the law of its own jurisdiction without pleading or proof thereof, the judges being deemed to know the law or at least where it is to be found."

In *Cannon v. University of* Chicago, 441 U.S. 677, 696-697 (1979)s "**It is always appropriate to assume that our elected representatives, like other citizens, know the law**." In *Traynor v. Trunage*, 485 U.S. 535, 546 (1988) "It is always appropriate to assume that our elected representatives, **like other citizens, know the law**." *Cannon v. University of Chicago*, 441 U.S. 677, 696–697 (1979)." *Bowsher v. Synar*, 478 U.S. 714, 738 **FN1** (1986) "Just as it is "always appropriate to assume that our elected representatives, **like other citizens, know the law**," *Cannon v. University of Chicago*, 441 U.S. 677, 696–697, (1979), so too is it appropriate to assume that our elected

representatives, **like other citizens, will respect the law."** *Offshore Logistica, Inc. Tailentire*, 477 U.S. 207, 228 (1986) "*Cannon v. University of Chicago*, 441 U.S. 677, 696–697, 99 S.Ct. 1946, 1957–1958, 60 L.Ed.2d 560 (1979) ("It is always appropriate to assume that our elected representatives, **like other citizens, know the law**"). In *Lowe v. S.E.C.*, 472 U.S. 181, 205 **FN50** (1985), to wit:

> "It is always appropriate to assume that our elected representatives, like other citizens, know the law." *Cannon v. University of Chicago*, 441 U.S. 677, 696-697, 99 S.Ct. 1946, 1957-58, 60 L.Ed.2d 560 (1979). Moreover, "[i]n areas where legislation might intrude on constitutional guarantees, we believe that Congress, which has always sworn to protect the Constitution, would err on the side of fundamental constitutional liberties when its legislation implicates those liberties." *Regan v. Time, Inc.*, 468 U.S. 641, 697, 104 S.Ct. 3262, 3292, 82 L.Ed.2d 487 (1984) (STEVENS, J., concurring in part and dissenting in part).

In *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 836 "Because it "is always appropriate to assume that our elected representatives, like other citizens, know the law **FN10** *Cannon v. University of Chicago*, 441 U.S. 677, 696–697, 99 S.Ct. 1946, 1957–1958, 60 L.Ed.2d 560 (1979). In *Director, Office of Workers'Compensation Programs, U.S. Dept. of Labor v. Perini North River Assoc.*, 459 U.S. 297, 319 (1983) We may presume "that our elected representatives, like other citizens, know the law," *Cannon v. University of Chicago*, 441 U.S. 677, 696–697, 99 S.Ct. 1946, 1957–1958, 60 L.Ed.2d 560 (1979)." In *Albernaz v. United States*, 450 U.S. 333, 341 (1981), to wit:

> But, as we have previously noted, Congress is "**predominantly a lawyer's body,**" *Callanan v. United States,* 364 U.S. 587, 594, 81 S.Ct. 321, 325, 5 L.Ed.2d 312 (1961), and it is appropriate for us "**to assume that our elected representatives ... know the law.**" *Cannon v. University of Chicago*, 441 U.S. 677, 696–697, 99 S.Ct. 1946, 1957–1958, 60 L.Ed.2d 560 (1979). As a result, if anything is to be assumed from the congressional *342 silence on this point, it is that Congress was aware of the Blockburger

rule and legislated with it in mind. **It is not a function of this Court to presume that "Congress was unaware of what it accomplished...."** *Railroad Retirement Bd. v. Fritz*, 449 U.S. 166, 179, 101 S.Ct. 453, 461, 66 L.Ed.2d 368 (1980).

In *Railroad Retirement Bd. v. Fritz*, 449 U.S. 166, 179 (1980) "Finally, we disagree with the District Court's conclusion that Congress was unaware of what it accomplished." In *Watt v. Alaska*, 451 U.S. 259, 284-285 (1981), to wit:

> The Court today is bothered because the literal meaning of a statute altered prevailing law.**FN8** But usually the very point of new legislation is to alter prevailing law. **"Every act is made, either for the purpose of making a change in the law, or for the purpose of better declaring the law; and its operation is not to be impeded by the mere fact that it is inconsistent with some previous enactment."** T. Sedgwick, The Interpretation and Construction of Statutory and Constitutional Law 104 (2d ed. 1874). **Congress does not have the affirmative obligation to explain to this Court why it deems a particular enactment wise or necessary, or to demonstrate that it is aware of the consequences of its action. FN9** See *Harrison v. PPG Industries, Inc.*, 446 U.S. 578, 592, 100 S.Ct. 1889, 1897, 64 L.Ed.2d 525. And "[i]t *285 **is not a function of this Court to presume that 'Congress was unaware of what it accomplished.'** " *Albernaz v. United States*, 450 U.S. 333, 342, 101 S.Ct. 1137, 1144, 67 L.Ed.2d 275 (quoting U.S. Railroad Retirement Board v. Fritz, 449 U.S. 166, 179, 101 S.Ct. 453, 461, 66 L.Ed.2d 368.

In *Garett v. United States*, 471 U.S. 773, 793-794 (1985), to wit:

> "[The defendants] read much into nothing. Congress cannot be expected to specifically address each issue of statutory construction which may arise. But, as we have previously noted, Congress is **'predominantly a lawyer's body,'** ... and it is appropriate for us **'to assume that our elected representatives ... know the law.'** ... As a result if anything is to be assumed from the congressional silence on this point, it is that Congress was aware of the Blockburger rule and legislated with it in mind. It is not a function of this Court to presume that *794 'Congress was unaware of what it accomplished.' " Id., 450 U.S., at 341-342, 101 S.Ct., at 1143-44.

### a. Lawyers LIE with Impunity.

Amazingly Congress clothed that Lawyers like **BORGHESAN** can opening lie and was enacted a Statute of the United States that grants government people and others to outright

Lie with Impunity as codified in **18 U.S.C. § 1001(b)**, to wit:

> (a) Except as otherwise provided in this section, whoever, **in any matter within the jurisdiction of the executive, legislative, or judicial branch of the Government of the United States, knowingly and willfully--**
>
> (1) falsifies, conceals, or covers up by any trick, scheme, or device a material fact;
>
> (2) makes any materially false, fictitious, or fraudulent statement or representation; or
>
> (3) makes or uses any false writing or document knowing the same to contain any materially false, fictitious, or fraudulent statement or entry;
>
> ll be fined under this title, imprisoned not more than 5 years or, if the offense involves international or domestic terrorism (as defined in section 2331), imprisoned not more than 8 years, or both. If the matter relates to an offense under chapter 109A, 109B, 110, or 117, or section 1591, then the term of imprisonment imposed under this section shall be not more than 8 years.
>
> (b) <u>**Subsection (a) does not apply to a party to a judicial proceeding, or that party's counsel, for statements, representations, writings or documents submitted by such party or counsel to a judge or magistrate in that proceeding**</u>.

See also *United States v. McNeil*, 362 F.3d 570 (9th Cir. 2004); and, *United States v. Horvath*, 492 F.3d 1075 (9th Cir. 2007).

## B. BORGHESAN is a Member of Alaska Bar Association in the "Third Judicial District"

As evidenced by **Attachment 3—BORGHESAN's Rule 64 and Rule 5 with Oath ("Attach 3—BORGHESAN's Alaska Bar Docs")**, **BORGHESAN** is a member of the Alaska Bar Association as of June 1st, 2010 with Alaska Bar Number of "1005015."

**BORGHESAN's** admission into the Alaska Bar Association ("ABA") is quite sloppy also as in the Oath, **Attach 3—BORGHESAN's Alaska Bar Docs pg. 1**

**BORGHESAN's** name is missing in the Applicant line but **BORGHESAN** did sign as the Applicant; and further, in **Attach 3—BORGHESAN's Alaska Bar Docs pg. 3** there is a place for the designation of a specific "Judicial District" that is missing but it is unassailable fact that **BORGHESAN** "practices" (sic) only in an administrative "Judicial District" as evidenced by **Attachment 4—State Bar Bylaws, Art. II, Sections 6. Administrative Districts ("Attach 1—State Bar Bylaws, Art. I")**, to wit:

> **Section 6. Administrative Districts.** For the purpose of the **administration** of the Act, these Bylaws, the Rules, and the Policies and Regulations promulgated under them, **four administrative districts, based in part upon the judicial districts existing in 1973, are created** as follows:
>
> (1) The First Judicial District of Alaska;
> (2) The Second and Fourth Judicial Districts of Alaska combined;
> (3) **The Third Judicial District of Alaska;** and
> (4) Any jurisdiction or geographical area outside the State.

### a. REIGH's Rule 64 and Rule 5 with Oath

As evidenced by **Attachment 5—REIGH's Rule 5, Rule 64 and Oath ("Attach 5—REIGH Rules 5, 64, Oath")**, REIGH ONLY has allegiance **to the ABA in the "Third Judicial District" that is a creation of the ABA, which is not the Legislature of the State of Alaska or the Constitution of Alaska.**

Therein *flows a fortiori* that **BORGHESAN** also has no "**Office**" established by the Legislature of the State of Alaska or the Constitution of Alaska.

And further, Gladden incorporates and conflates all of Docket 10 of the Third [Second – Errata] Amended Complaint with its fifty nine (59) Attachments that is **Inextricably intertwined** with this Motion as **BORGHESAN is hereby given Actual**

Notice that **BORGHESAN** has no "Office" established by the Legislature of the State of Alaska or the Constitution of Alaska; and therefore; **BORGHESAN** is lacking "clear absence of all jurisdiction"[2] in this Controversy arising under Article III Sections 1 and 2 that exercise the "judicial Power of the United States."

## C. BORGHESAN Is Given Actual Notice that the "United States District Court" is Merely a "Legislative Court" under Article I, Section 8, Clause 9 "To constitute Tribunals inferior to the supreme Court."

Of course **BORGHESAN** is deemed to know the law with both having the knowledge that the **"United States District Court"** is merely an **Article I, Section 8, Clause 9 "To constitute Tribunals inferior to the supreme Court."**

This is evidenced by *Eastern Metals Corporation v. Martin*, 191 F.Supp. 245, 248 (S.D.N.Y. 1960), to wit:

> A **United States District Court** is an 'inferior' court, i.e., inferior to the United States Supreme Court. The **District Court is a tribunal created by Congress under the power given to Congress by Article 1, Section 8, Clause 9,** of the United States Constitution, which provides that Congress shall have power **'To constitute Tribunals inferior to the supreme Court'**. *Romero v. International Terminal Operating Co.*, 358 U.S. 354, 79 S.Ct. 468, 3 L.Ed. 368. **The creation and composition of the United States District Courts is presently set forth in T. 28 U.S.C. § 132. A United States District Court has only such jurisdiction as the Congress confers upon the court.**
>
> **The general jurisdiction of United States District Courts is set forth in T. 28 U.S.C. Chap. 85 (§§ 1331 to 1360).**

And this Ruse of Article III "District Court of the United States

---

[2] *Stump v. Sparkman*, 435 U.S. 349, 349, 356-357 (1978) "Held: . . . (a) A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority, but rather he will be subject to liability only when he has acted in the **"clear absence of all jurisdiction,"** *Bradley v. Fisher*, 13 Wall. 335, 351, 20 L.Ed. 646. Pp. 1104-1105 (1871),"

will most certainly be continued by **GLEASON supported by BORGHESAN that this "Controversy" by** *ipse dixit* **pontifications of GLEASON and BORGHESAN claiming, or never admitting, that this "United States District Court" does NOT arise** under Article III Sections 1 and 2 exercising the "Judicial Power of the United States" and that "The judicial Power shall extend to all **Cases, in Law and equity,** arising under this Constitution, the Laws of the United States, and Treaties made, or which shall be made, under their Authority."

That this "United States District Court" is a bona fide Article III Sections 1 and 2 Court of the United States, *i.e.* "District Court of the United States" is also conclusively refuted by *United States v. Roberts*, 618 F.2d 530, 546 (9th Cir. 1980), to wit:

> There shall be in each judicial district a district court . . ." and "<u>the judicial power of a district court . . . may be exercised by a single judge . . .</u>". This last provision <u>should be noticed; it is fundamental that a district judge has no judicial power individually</u>; <u>his judicial power is exercised as the representative of a court. "(J)urisdiction is lodged in a court, not in a person. The judge, exercising the jurisdiction, acts for the court"</u>. *In re Brown*, 346 F.2d 903, 910 (5th Cir. 1965), quoted with approval in *United States v. Teresi*, 484 F.2d 894, 898 (7th Cir. 1973). * * * The Supreme Court has said: "<u>District Courts are solely the creation of statute, and the place in which a judge thereof may exercise jurisdiction is subject absolutely to the control of Congress</u>". *McDowell v. United States*, 159 U.S. 596, 598-9, 16 S.Ct. 111, 111-112, 40 L.Ed. 271 (1895)

It is an unassailable FACT that **GLEASON** acts as a "<u>representative of the court</u>" *supra.*; and further, that "The judge [**GLEASON**] . . . <u>acts for the court</u>;" and further, that **GLEASON** is "**subject absolutely to the control of Congress**" and not an "**independent Judge**" arising under Article III sections 1 and 2 exercising the "judicial Power of the United States" but exercising the "judicial power of a district court" as

evidenced also in 28 U.S.C. 132(c). **BORGHESAN** has no choice as **BORGHESAN will ONLY file and have allegiance to the "United States District Court" that** is merely an **Article I, Section 8, Clause 9 "To constitute Tribunals inferior to the supreme Court."**

Therefore, the filing of the Third Amended Complaint (Errata – Second Amended Complaint) with fifty nine Attachments is conclusively evidenced as being filed into the "District Court of the United States" on May 24th, 2019 and was in the Chambers of **REIGH on May 29th, 2019.**

And further, **GLEASON** had no authority to take the Third Amended Complaint and fifty nine (59) into her chambers and according to the Clerk was the reason for the delay of scanning into Pacer creating cover for **REIGH's Motion to Dismiss**, *i.e.*, for **BORGHESAN to Trespass into this instant Controversy avoiding the Third Amended Complaint and its fifty nine (59) Attachments.**

And further, Gladden does strenuously object to this procedural ruse of Docket 9 being Filed, being an affirmative and overt Act of Denial of Due Process of Law by **GLEASON intentionally ignoring the timely filed Third Amended Complaint with fifty nine (59) Attachments and Noticing Gladden to Oppose Docket 9, being the filing of the First Amended Complaint filed evidenced by Docket 11 that BORGHESAN has remained totally silent on the RUSE.**

This is NOT the Opposition that was due on May 18th, 2019 by **GLEASON**.

Therefore, Gladden Motions and Requires from **BORGHESAN in any capacities he is a "Counsel for" REIGH and to file this into the Record as required.**

And Further, Gladden Motions **BORGHESAN** to disclose if he has a Conflict of interest as he operates ONLY in the Third Judicial District.

And further, Gladden Motions **BORGHESAN** to disclose for the Record what "Office" that he currently occupies that was established and ordained by the Legislature of the State of Alaska and the Constitution of Alaska.

And further, Gladden Motions **BORGHESAN** to disclose in what Court "Counsel for" REIGH – the "United States District Court" in Article I, Section 8, Clause 9 "To constitute Tribunals inferior to the supreme Court;" OR "District Court of the United States" arising under Article III Sections 1 and 2 exercising the "judicial Power of the United States."

My Hand,

*David Gary Gladden*

## II. Certificate of Service

I certify that a true and correct copy of this Motion and

Attachments were mailed via USPS first class to the following parties, to wit:

**CHRISTINA L. REIGH**
P.O. Box 965
Dillingham, Alaska 99576

No Appearance Yet by Dario Borghesan
**Courtesy Copy**
**DARIO BORGHESAN**
1031 West Fourth Avenue, Suite 200
Anchorage, Alaska 99501
907-269-5720 Phone
907-279-2834 Fax
Dario.gorghesan@alaska.gov.

Date: June 18th, 2019

*David Gary Gladden*
Signature