"David Gary Gladden"
13193 South Old Knik Harbor Drive
Wasilla, Alaska [99623]
907-671-7370 Phone
907-357-8004 Fax (call to turn on)
dave@alaskaminuteman.com

RECEIVED
JUN 1 9 2019
CLERK, U.S. DISTRICT COURT
ANCHORAGE, A.K.

"District Court of the United States"
District of Alaska
Anchorage, Alaska

| | |
|---|---|
| **David Gary Gladden,** *in propria persona* ) <br> Plaintiff ) <br> ) <br> *Versus* ) <br> ) <br> **CHRISTINA L. REIGH, in her** *personal and* ) <br> Presumed Official Capacity ) | Case: **3:19-cv-99** |

**Motion for Judge Gleason To Transfer to a "District Court of the United States" as Judge Gleason has a Conflict of Interest and Is in an Article I Section 8 Clause 9 Tribunal.**

**Comes Now,** David Gary Gladden, ("Gladden") with this **Motion for Judge Gleason To Transfer to a "District Court of the United States" as Judge Gleason has a Conflict of Interest and Is in an Article I Section 8 Clause 9 Tribunal.** ("Motion")

I. Conflict of Interest

Judge Gleason ("GLEASON") is a member of the Alaska Bar Association ("ABA") in the "Third Judicial District" owing Allegiance to said ABA exactly like CHRISTINA L. REIGH ("REIGH") as evidenced by Attachment 1—GLEASON Rule 5, Rule 64 and Oath ("Attach 1—GLEASON Rules, 5, 64, Oath").

And further, **GLEASON** in Attach 1—GLEASON Rules, 5, 64, Oath, pg. 3

operating in the ABA administrative "Third Judicial District" as evidenced by State Bar Bylaws, Art. II, Sections 6. Administrative Districts ("Attach 2—State Bar Bylaws, Art. I"), to wit:

> **Section 6. Administrative Districts.** For the purpose of the **administration** of the Act, these Bylaws, the Rules, and the Policies and Regulations promulgated under them, **four administrative districts, based in part upon the judicial districts existing in 1973, are created** as follows:
>
> (1) The First Judicial District of Alaska;
> (2) The Second and Fourth Judicial Districts of Alaska combined;
> (3) **The Third Judicial District of Alaska;** and
> (4) Any jurisdiction or geographical area outside the State.

This is an unassailable FACT that the "Third Judicial District" is an administrative district created by the ABA and not by the Legislature of the State of Alaska or the Constitution of Alaska as used by both **GLEASON and REIGH**.

REIGH's allegiance to the "Third Judicial District" is evidenced by **Attachment 3—REIGH Rule 5, 64 and Oath, ("Attach 3—REIGH Rule 5, 64 and Oath") being the same as** .

**GLEASON's ABA number is 8411116,** although on the ABA's webpage it currently states that it is inactive, does not mean that **GLEASON does not have a Conflict of Interest as GLEASON was a Superior Court Judge for many years having no "Office" established by the Legislature of the State of Alaska or the Constitution of Alaska.**

And further, has allowed **DARIO BORGHESAN ("BORGHESAN")** with no Appearance on the Record did file in a Motion to Dismiss at Docket 9 with NO objection

from **GLEASON**; and further, **BORGHESAN is conclusively a member of the ABA in the "Third Judicial District" evidenced by Attachment 4—BORGHESAN's Rule 64 and Rule 5 with Oath ("Attach 4—BORGHESAN's Alaska Bar Docs"),** **BORGHESAN** is a member of the Alaska Bar Association as of June 1st, 2010 with Alaska Bar Number of "1005015."

**GLEASON should recuse herself as** even the "appearance of impropriety" is sufficient but that bar is greatly exceeded. See *United States v. Washington*, 653 F.3d 1057, 1064 (9th Cir. 2011); *Hurles v. Ryan*, 650 F.3d. 1301, 1309 *et seq. and* **FN 5 (9th Cir. 2011).**

And further, Gladden conflates Docket 10 being the Third [Second] Amended Compliant with its fifty nine (59) Attachments into this Motion.

### A. Deemed To Know the Law

**GLEASON** is deemed to know the Law As pronounced in *Inb Groh v. Ramirez*, 540 U.S. 551, 563, 564 (2004) "If the law was clearly established . . . a reasonably competent public official should know the law governing his conduct." Citing *Harlow v. Fitzgerald*, 457 U.S. 800, 818-819 (1982); *State of Ohio v. Davis*, 584 N.E.2d 1192, 1196 (Sup.Ct. Ohio 1992) "**Judges**, unlike juries, **are presumed to know the law**."; *Leary v. Gledhill*, 84 A.2d 725, 728 (Sup.Ct. NJ 1951) "A court will in general take judicial notice of and apply the law of its own jurisdiction without pleading or proof thereof, the judges being deemed to know the law or at least where it is to be found."

In *Cannon v. University of Chicago*, 441 U.S. 677, 696-697 (1979)s "**It is always appropriate to assume that our elected representatives, like other citizens, know the**

law." In *Traynor v. Trunage*, 485 U.S. 535, 546 (1988) "It is always appropriate to assume that our elected representatives, **like other citizens, know the law.**" *Cannon v. University of Chicago*, 441 U.S. 677, 696–697 (1979)." *Bowsher v. Synar*, 478 U.S. 714, 738 **FN1** (1986) "Just as it is "always appropriate to assume that our elected representatives, **like other citizens, know the law**," *Cannon v. University of Chicago*, 441 U.S. 677, 696–697, (1979), so too is it appropriate to assume that our elected representatives, **like other citizens, will respect the law."** *Offshore Logistica, Inc. Tailentire*, 477 U.S. 207, 228 (1986) "*Cannon v. University of Chicago*, 441 U.S. 677, 696–697, 99 S.Ct. 1946, 1957–1958, 60 L.Ed.2d 560 (1979) ("It is always appropriate to assume that our elected representatives, **like other citizens, know the law**"). In *Lowe v. S.E.C.*, 472 U.S. 181, 205 **FN50** (1985), to wit:

> "It is always appropriate to assume that our elected representatives, like other citizens, know the law." *Cannon v. University of Chicago*, 441 U.S. 677, 696-697, 99 S.Ct. 1946, 1957-58, 60 L.Ed.2d 560 (1979). Moreover, "[i]n areas where legislation might intrude on constitutional guarantees, we believe that Congress, which has always sworn to protect the Constitution, would err on the side of fundamental constitutional liberties when its legislation implicates those liberties." *Regan v. Time, Inc.*, 468 U.S. 641, 697, 104 S.Ct. 3262, 3292, 82 L.Ed.2d 487 (1984) (STEVENS, J., concurring in part and dissenting in part).

In *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 836 "Because it "is always appropriate to assume that our elected representatives, like other citizens, know the law **FN10** *Cannon v. University of Chicago*, 441 U.S. 677, 696–697, 99 S.Ct. 1946, 1957–1958, 60 L.Ed.2d 560 (1979). In *Director, Office of Workers' Compensation Programs, U.S. Dept. of Labor v. Perini North River Assoc.*, 459 U.S. 297, 319 (1983) We may presume "that our elected representatives, like other citizens, know the law," *Cannon v.*

*University of Chicago*, 441 U.S. 677, 696–697, 99 S.Ct. 1946, 1957–1958, 60 L.Ed.2d 560 (1979)." In *Albernaz v. United States*, 450 U.S. 333, 341 (1981), to wit:

> But, as we have previously noted, Congress is **"predominantly a lawyer's body,"** *Callanan v. United States,* 364 U.S. 587, 594, 81 S.Ct. 321, 325, 5 L.Ed.2d 312 (1961), and it is appropriate for us **"to assume that our elected representatives ... know the law."** *Cannon v. University of Chicago*, 441 U.S. 677, 696–697, 99 S.Ct. 1946, 1957–1958, 60 L.Ed.2d 560 (1979). As a result, if anything is to be assumed from the congressional *342 silence on this point, it is that Congress was aware of the Blockburger rule and legislated with it in mind. **It is not a function of this Court to presume that "Congress was unaware of what it accomplished...."** *Railroad Retirement Bd. v. Fritz*, 449 U.S. 166, 179, 101 S.Ct. 453, 461, 66 L.Ed.2d 368 (1980).

In *Railroad Retirement Bd. v. Fritz*, 449 U.S. 166, 179 (1980) "Finally, we disagree with the District Court's conclusion that Congress was unaware of what it accomplished." In *Watt v. Alaska*, 451 U.S. 259, 284-285 (1981), to wit:

> The Court today is bothered because the literal meaning of a statute altered prevailing law.**FN8** But usually the very point of new legislation is to alter prevailing law. **"Every act is made, either for the purpose of making a change in the law, or for the purpose of better declaring the law; and its operation is not to be impeded by the mere fact that it is inconsistent with some previous enactment."** T. Sedgwick, The Interpretation and Construction of Statutory and Constitutional Law 104 (2d ed. 1874). **Congress does not have the affirmative obligation to explain to this Court why it deems a particular enactment wise or necessary, or to demonstrate that it is aware of the consequences of its action. FN9** See *Harrison v. PPG Industries, Inc.*, 446 U.S. 578, 592, 100 S.Ct. 1889, 1897, 64 L.Ed.2d 525. And "[i]t *285 **is not a function of this Court to presume that 'Congress was unaware of what it accomplished.'** " Albernaz v. United States, 450 U.S. 333, 342, 101 S.Ct. 1137, 1144, 67 L.Ed.2d 275 (quoting U.S. Railroad Retirement Board v. Fritz, 449 U.S. 166, 179, 101 S.Ct. 453, 461, 66 L.Ed.2d 368.

In *Garett v. United States*, 471 U.S. 773, 793-794 (1985), to wit:

> "[The defendants] read much into nothing. Congress cannot be expected to specifically address each issue of statutory construction which may arise. But, as we have previously noted, Congress is '**predominantly a lawyer's**

body,' ... and it is appropriate for us '**to assume that our elected representatives ... know the law.**' ... As a result if anything is to be assumed from the congressional silence on this point, it is that Congress was aware of the Blockburger rule and legislated with it in mind. It is not a function of this Court to presume that *794 'Congress was unaware of what it accomplished.' " Id., 450 U.S., at 341-342, 101 S.Ct., at 1143-44.

## B. GLEASON being an inactive Member of Alaska Bar Association in the "Third Judicial District" Supports "Third Judicial District"

**GLEASON** has affirmed with Docket 11 **BORGHESAN's** standing in this "United States District Court" by required Gladden file a Response to Docket 9.

As evidenced by **Attachment 4—BORGHESAN's Rule 64 and Rule 5 with Oath ("Attach 4—BORGHESAN's Alaska Bar Docs")**, **BORGHESAN** is a member of the Alaska Bar Association as of June 1st, 2010 with Alaska Bar Number of "1005015."

**BORGHESAN's** admission into the Alaska Bar Association ("ABA") is quite sloppy also as in the Oath, **Attach 4—BORGHESAN's Alaska Bar Docs pg. 1 BORGHESAN's** name is missing in the Applicant line but **BORGHESAN** did sign as the Applicant; and further, in **Attach 4—BORGHESAN's Alaska Bar Docs pg. 3** there is a place for the designation of a specific "Judicial District" that is missing but it is unassailable fact that **BORGHESAN** "practices" (sic) only in an administrative "Judicial District" as evidenced by **Attachment 4—State Bar Bylaws, Art. II, Sections 6. Administrative Districts ("Attach 1—State Bar Bylaws, Art. I")**, to wit:

> Section 6. Administrative Districts. For the purpose of the **administration** of the Act, these Bylaws, the Rules, and the Policies and Regulations promulgated under them, **four administrative districts, based in part upon the judicial districts existing in 1973, are created** as follows:

(1) The First Judicial District of Alaska;
(2) The Second and Fourth Judicial Districts of Alaska combined;
(3) **The Third Judicial District of Alaska;** and
(4) Any jurisdiction or geographical area outside the State.

And further, Gladden incorporates and conflates all of Docket 10 of the Third [Second – Errata] Amended Complaint with its fifty nine (59) Attachments that is **Inextricably intertwined** with this Motion.

## C. GLEASON Is Given Actual Notice that the "United States District Court" is Merely a "Legislative Court" under Article I, Section 8, Clause 9 "To constitute Tribunals inferior to the supreme Court."

Of course **GLEASON** is deemed to know the law with both having the knowledge that the **"United States District Court"** is merely an **Article I, Section 8, Clause 9 "To constitute Tribunals inferior to the supreme Court."**

This is evidenced by *Eastern Metals Corporation v. Martin*, 191 F.Supp. 245, 248 (S.D.N.Y. 1960), to wit:

> A **United States District Court** is an 'inferior' court, i.e., inferior to the United States Supreme Court. The **District Court is a tribunal created by Congress under the power given to Congress by Article 1, Section 8, Clause 9,** of the United States Constitution, which provides that Congress shall have power '**To constitute Tribunals inferior to the supreme Court**'. *Romero v. International Terminal Operating Co.*, 358 U.S. 354, 79 S.Ct. 468, 3 L.Ed. 368. **The creation and composition of the United States District Courts is presently set forth in T. 28 U.S.C. § 132. A United States District Court has only such jurisdiction as the Congress confers upon the court.**
>
> **The general jurisdiction of United States District Courts is set forth in T. 28 U.S.C. Chap. 85 (§§ 1331 to 1360).**

And this Ruse of Article III "District Court of the United States will most certainly be continued by **GLEASON supported by BORGHESAN that this**

"Controversy" by *ipse dixit* pontifications of **GLEASON** and **BORGHESAN** claiming, or never admitting, that this "United States District Court" does NOT **arise** under Article III Sections 1 and 2 exercising the "Judicial Power of the United States" and that "The judicial Power shall extend to all **Cases, in Law and equity,** arising under this Constitution, the Laws of the United States, and Treaties made, or which shall be made, under their Authority."

That this "United States District Court" is a bona fide Article III Sections 1 and 2 Court of the United States, *i.e.* "District Court of the United States" is also conclusively refuted by *United States v. Roberts*, 618 F.2d 530, 546 (9th Cir. 1980), to wit:

> There shall be in each judicial district a district court . . ." and "**the judicial power of a district court . . . may be exercised by a single judge . . .**". This last provision **should be noticed; it is fundamental that a district judge has no judicial power individually; his judicial power is exercised as the representative of a court. "(J)urisdiction is lodged in a court, not in a person. The judge, exercising the jurisdiction, acts for the court".** *In re Brown*, 346 F.2d 903, 910 (5th Cir. 1965), quoted with approval in *United States v. Teresi*, 484 F.2d 894, 898 (7th Cir. 1973). * * * The Supreme Court has said: "**District Courts are solely the creation of statute, and the place in which a judge thereof may exercise jurisdiction is subject absolutely to the control of Congress**". *McDowell v. United States*, 159 U.S. 596, 598-9, 16 S.Ct. 111, 111-112, 40 L.Ed. 271 (1895)

It is an unassailable FACT that **GLEASON** acts as a "**representative of the court**" *supra.*; and further, that "The judge [**GLEASON**] . . . **acts for the court**;" and further, that **GLEASON** is "**subject absolutely to the control of Congress**" and not an "**independent Judge**" arising under Article III sections 1 and 2 exercising the "judicial Power of the United States" but exercising the "judicial power of a district court" as evidenced also in 28 U.S.C. 132(c). **BORGHESAN** has no choice as **BORGHESAN**

will ONLY file and have allegiance to the "United States District Court" that is merely an **Article I, Section 8, Clause 9 "To constitute Tribunals inferior to the Supreme Court."**

Therefore, the filing of the Third Amended Complaint (Errata – Second Amended Complaint) with fifty nine Attachments is conclusively evidenced as being filed into the "District Court of the United States" on May 24th, 2019 and was in the Chambers of **REIGH on May 29th, 2019.**

And further, **GLEASON** had no authority to take the Third Amended Complaint and fifty nine (59) Attachments into her chambers and according to the Clerk was the reason for the delay of scanning into Pacer creating cover for **REIGH's Motion to Dismiss,** *i.e.*, for **BORGHESAN to Trespass into this instant Controversy avoiding the Third Amended Complaint and its fifty nine (59) Attachments.**

And further, Gladden does strenuously object to this procedural ruse of Docket 9 being Filed, being an affirmative and overt Act of Denial of Due Process of Law by **GLEASON intentionally ignoring the timely filed Third Amended Complaint with fifty nine (59) Attachments and Noticing Gladden to Oppose Docket 9, being the filing of the First Amendment Complaint filed evidenced by Docket 11 that BORGHESAN has remained totally silent on the RUSE.**

This is NOT the Opposition that was due on May 18th, 2019 by **GLEASON.**

Therefore, Gladden Motions and Requires from **GLEASON to Transfer this instant Controversy to a bona fide Article III Sections 1 and 2 from this Article I, Section 8, Clause 9 "To constitute Tribunals inferior to the Supreme Court."**

And further, Gladden has given **Actual Notice** to **GLEASON** that this is not a bona fide Article III **"District Court of the United States"** under Sections 1 and 2 exercising the **"judicial Power of the United States."**

And further, Gladden is hereby given with relevant evidence that **"GLEASON"** is **proceeding with a "clear absence of all jurisdiction[1]"** with this Article I, Section 8, Clause 9 **"To constitute Tribunals inferior to the Supreme Court"** wherein Gladden **Objects, takes exception and protests.**

And further, Gladden has incorporated and conflated all of Docket 10 being the Third [Second] Amendment Complaint with all of its fifty nine (59) Attachments being inextricably intertwined into this Motion.

And further, **GLEASON** has by her taking the Docket 10 being the Third [Second] Amendment Complaint with all of its fifty nine (59) Attachments attempted to protect **REIGH** knowing it prejudiced Gladden by denying him Due Process of Law by creating the illusion to the Motion to Dismiss at Docket 9 is valid and does not require addressing Docket 10.

My Hand,

David Darsy Gladden

---

[1] *Stump v. Sparkman*, 435 U.S. 349, 349, 356-357 (1978) "Held: . . . (a) A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority, but rather he will be subject to liability only when he has acted in the "**clear absence of all jurisdiction,**" *Bradley v. Fisher*, 13 Wall. 335, 351, 20 L.Ed. 646. Pp. 1104-1105 (1871),"

## II. Certificate of Service

I certify that a true and correct copy of this Motion and Attachments were mailed via USPS first class to the following parties, to wit:

**CHRISTINA L. REIGH**
P.O. Box 965
Dillingham, Alaska 99576

No Appearance Yet by Dario Borghesan
**Courtesy Copy**
**DARIO BORGHESAN**
1031 West Fourth Avenue, Suite 200
Anchorage, Alaska 99501
907-269-5720 Phone
907-279-2834 Fax
Dario.gorghesan@alaska.gov.

Date: June 18th, 2019

_David Dary Gladden_
Signature