KEVIN G. CLARKSON
ATTORNEY GENERAL
Dario Borghesan (Alaska Bar No. 1005015)
Assistant Attorney General
Department of Law
1031 West Fourth Avenue, Suite 200
Anchorage, AK  99501
Telephone: (907) 269-5275
Facsimile: (907) 276-3697
Email: dario.borghesan@alaska.gov

Attorney for Defendant Christina L. Reigh

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA**

| | |
|---|---|
| DAVID GARY GLADDEN, in propria persona, | ) ) ) |
| Plaintiff, | ) Case No. 3:19-cv-00099-SLG ) |
| v. | ) ) |
| CHRISTINA L. REIGH, in her personal and presumed Official capacity, | ) **DEFENDANT'S REPLY ON** ) **MOTION TO DISMISS FOR** ) **FAILURE TO STATE A CLAIM** |
| Defendant. | ) **(DKT 9)** |

Mr. Gladden has clarified that he is not asking this Court to vacate the judgment of the Alaska superior court in *Gladden v. Bingman*, 3DI-18-00002 CI. Dkt 16 at 7-8. So the only relief Gladden seeks is an award of damages from Judge Reigh. But Judge Reigh is immune from damages claims under § 1983, so Gladden's complaint must be dismissed for failure to state a claim.

Mr. Gladden's only substantive response to this point is to assert that Judge Reigh is not entitled to judicial immunity because she is not really a judge. But the court need not accept this allegation as true because it contradicts facts established in the complaint

and supporting exhibits and facts of which this Court may take judicial notice. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001) ("The court need not . . . accept as true allegations that contradict matters properly subject to judicial notice or by exhibit."). Exhibits 18-25 of the second amended complaint shows that Mr. Gladden filed a lawsuit in the Alaska superior court and that Judge Reigh presided over his case. Dkts 5-18 – 5-25. She issued a judgment in that case, to which she affixed her signature and the seal of the Alaska courts. Dkt 5-23. Judge Reigh is not alone in holding herself out as a superior court judge; this Court may take judicial notice that the Alaska Court System, the judicial branch of the State of Alaska, also holds her out as a superior court judge.[1] Indeed, Mr. Gladden acknowledges that the State holds her out as a Judge. Dkt 5 at 85 ("REIGH is 'for' the Benefit or Representing the SOA wherein in the 'Third Judicial District' there is no 'office' created by the Legislature of the State of Alaska or the Constitution <u>for</u> the State of Alaska as that is evidenced that it was 'created' by Alaska Bar Association."); *id.* at 86 ("Gladden has included an example of these alleged 'judges' who are all merely employees of the SOA."). Mr. Gladden's allegations about the legitimacy of the Alaska Court System's judicial districts and the validity of

---

[1] *See* https://public.courts.alaska.gov/web/judges/docs/clr.pdf (last accessed July 2, 2019); Fed. R. Evid. 201(b) ("The court may judicially notice a fact that is not subject to reasonable dispute because it (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."); *Lefkovits v. State Bd. of Elections*, 400 F. Supp. 1005, 1007 n.1 (N.D. Ill. 1975) ("We take judicial notice of the appointment of Jose Vasquez to the office of circuit court judge on January 11, 1975, effective February 1, 1975, by the Illinois Supreme Court to fill the vacancy left by Judge Lefkovits.").

*Gladden v. Reigh*     Case No. 3:19-cv-00099-SLG
Def's Reply on Mot.to Dismiss for Failure to State a Claim     Page 2 of 4
Case 3:19-cv-00099-SLG   Document 18   Filed 07/02/19   Page 2 of 4

Judge Reigh's appointment are beside the point for purposes of her immunity.[2] The State holds Judge Reigh out as a judge of the superior court; clothed in that authority, she engaged in paradigmatically judicial acts when she presided over Mr. Gladden's trial and issued a ruling against him; and these rulings are well within the jurisdiction of a judge of the superior court of the State of Alaska. Judge Reigh is therefore entitled to immunity. *See* Dkt 9 at 6-8.

DATED July 2, 2019.

KEVIN G. CLARKSON
ATTORNEY GENERAL

By: /s/Dario Borghesan
Dario Borghesan
Assistant Attorney General
Alaska Bar No. 1005015
Department of Law
1031 West Fourth Avenue, Suite 200
Anchorage, AK 99501
Phone: (907) 269-5275
Facsimile: (907) 276-3697
Email: dario.borghesan@alaska.gov
Attorney for Defendant Christina L. Reigh

---

[2] Specifically, Mr. Gladden alleges: that there is no evidence of Judge Reigh ever being appointed to her office; that the State lacks "civil commissions" for its judges; that Judge Reigh has not provided Gladden with her oath of office or appointment letter; that Judge Reigh's orders are captioned a certain way; and that the judicial office Judge Reigh holds was not properly created under Alaska law. Dkt 5 at 83-87, 89-92.

*Gladden v. Reigh*     Case No. 3:19-cv-00099-SLG
Def's Reply on Mot.to Dismiss for Failure to State a Claim     Page 3 of 4
Case 3:19-cv-00099-SLG   Document 18   Filed 07/02/19   Page 3 of 4

## CERTIFICATE OF SERVICE

I certify that on July 2, 2019 the foregoing was served electronically on all parties via CM/ECF. I also caused to be served via U.S. mail a paper copy of this document on:

David Gary Gladden
13193 South Old Knik Harbor Drive
Wasilla, AK  99623

            <u>/s/Dario Borghesan</u>
            Dario Borghesan
            Assistant Attorney General

*Gladden v. Reigh*                       Case No. 3:19-cv-00099-SLG
Def's Reply on Mot.to Dismiss for Failure to State a Claim        Page 4 of 4
Case 3:19-cv-00099-SLG   Document 18   Filed 07/02/19   Page 4 of 4