KEVIN G. CLARKSON
ATTORNEY GENERAL
Dario Borghesan (Alaska Bar No. 1005015)
Assistant Attorney General
Department of Law
1031 West Fourth Avenue, Suite 200
Anchorage, AK  99501
Telephone: (907) 269-5275
Facsimile: (907) 276-3697
Email: dario.borghesan@alaska.gov

Attorney for Defendant Christina L. Reigh

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA**

| | |
|---|---|
| DAVID GARY GLADDEN, in propria persona, | ) ) Case No. 3:19-cv-00099-SLG |
| Plaintiff, | ) ) ) |
| v. | ) **OPPOSITION TO PLAINTIFF'S** ) **MOTIONS RE: SECOND AMENDED** ) **COMPLAINT (DKT 13);** |
| CHRISTINA L. REIGH, in her personal and presumed Official capacity, | ) **OBJECTION TO DEFENDANT'S** ) **COUNSEL (DKT 14); AND** ) **TRANSFER OF PROCEEDING TO** |
| Defendant. | ) **ANOTHER COURT (DKT 15)** |

Plaintiff David Gary Gladden filed a raft of documents on June 19, 2019, requesting several different kinds of relief:

- A "Certification of Third Amended Complaint and ERRATA; and, Object to the Interdiction by Judge Gleason" (Dkt 13);

- An "Objection to DARIO BORGHESAN Intrusion into this Instant Controversy Arising under Article III Sections 1 and 2" (Dkt 14); and

- A "Motion for Judge Gleason To Transfer to a 'District Court of the United States' . . . ." (Dkt 15).

None of the relief requested by Mr. Gladden is appropriate, for the reasons set forth below.[1]

## I. Because Mr. Gladden did not seek leave to file his second amended complaint, it does not supersede the prior version, which remains the operative complaint for purposes of the motion to dismiss (Dkt 13).

A party may amend its complaint before trial "*once* as a matter of course" within 21 days of serving the complaint or within 21 days after a motion to dismiss under Rule 12(b) is served. Fed. R. Civ. P. 15(a)(1) (emphasis added). Mr. Gladden already amended his complaint once with the filing of his "Amended Complaint and in the Nature of Quo Warranto" of May 1, 2019 (Dkt 5). To amend his complaint a second time, Mr. Gladden may do so "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Mr. Gladden has not sought or obtained either. Nor has he complied with the local rules of this court governing amended pleadings, which require the moving party to attach a version of the proposed amended pleading that clearly indicates how it differs from the pleading it amends, using brackets and strikethrough text. D. Alaska Local R. 15.1. Thus his second amended complaint is merely lodged, not filed.

---

[1] Two of Mr. Gladden's filings of June 19, 2019 (Dkts 16 and 17) pertain to Judge Reigh's motion to dismiss for failure to state a claim (Dkt 9). Judge Reigh will address those filings in a reply on the motion to dismiss, being filed as a separate document.

*Gladden v. Reigh*            Case No. 3:19-cv-00099-SLG
Opp. to Plaintiffs Motions at Dkts 13-15            Page 2 of 8
Case 3:19-cv-00099-SLG   Document 19   Filed 07/02/19   Page 2 of 8

In any event, the Court should deny leave to file the Second Amended Complaint because the amendments are futile. "Leave to amend may be denied if the proposed amendment is futile or would be subject to dismissal." *Wheeler v. City of Santa Clara*, 894 F.3d 1046, 1059 (9th Cir. 2018) (citing *Carrico v. City and Cnty of San Francisco*, 656 F.3d 1002, 1008 (9th Cir. 2011)). The second amended complaint suffers from the same basic flaw as the first amended complaint: it seeks only damages from which Judge Reigh is immune. Dkt 10 at 126-27. And none of the additional allegations are relevant to the only exception to judicial immunity: Mr. Gladden's assertion that Judge Reigh was acting "in the clear absence of all jurisdiction." These allegations pertain to the jurisdiction of *this* Court and the validity of the seal of the Alaska courts. *Id.* at 73-74, 110. Mr. Gladden also attaches some new exhibits to the complaint that are either additional legislative materials or pertain to judges other than Judge Reigh. Dkt 10-36 – 59. These new allegations and exhibits do not change the factual basis of Mr. Gladden's claim for damages—that Judge Reigh entered a judgment against him on contract and tort claims in a case before the Alaska Superior Court, *Gladden v. Bingman*, 3DI-18-00002 CI. As explained in Judge Reigh's motion to dismiss (Dkt 9), these acts are well within the jurisdiction of the Alaska Superior Court. Because these same operative facts form the basis of the Second Amended Complaint, it would be subject to dismissal just like the First Amended Complaint. Because the amendments Mr. Gladden seeks to make are futile, there is no reason to allow the amendment, and thus no reason to require Judge Reigh to file a new motion to dismiss.

*Gladden v. Reigh* Case No. 3:19-cv-00099-SLG
Opp. to Plaintiffs Motions at Dkts 13-15 Page 3 of 8
Case 3:19-cv-00099-SLG   Document 19   Filed 07/02/19   Page 3 of 8

## II. Mr. Gladden's objection to undersigned counsel representing Judge Reigh is meritless (Dkt 14).

Under District of Alaska Local Civil Rule 11.1(a)(1), "[f]iling a document on behalf of a party constitutes an entry of appearance on behalf of the party; no separate entry of appearance is required." Undersigned counsel filed a motion to dismiss on behalf of the Defendant, Judge Reigh, on May 28, 2019 (Dkt 9), thereby entering his appearance on behalf of Judge Reigh. Nothing more is required to effectuate the representation.

Mr. Gladden appears to argue that undersigned counsel has no office and lacks jurisdiction in this matter. Dkt 14 at 7-8. Only courts can have jurisdiction, not counsel. Counsel are merely admitted to practice in a jurisdiction. Gladden concedes that undersigned counsel is a member of the Alaska Bar Association (Dkt 14 at 6), and this Court can take judicial notice that undersigned counsel is admitted to practice before this Court.

There is no "ruse" afoot regarding undersigned counsel's filing of the motion to dismiss the first amended complaint. Dkt 14 at 10. The motion to dismiss was filed on May 28, 2019, the day before Mr. Gladden's second amended complaint was docketed on PACER. And as explained above, although Mr. Gladden's second amended complaint was lodged (but not docketed) before the motion to dismiss was filed, the second amended complaint is not operative because it was not properly filed. So undersigned counsel has done nothing improper.

*Gladden v. Reigh*     Case No. 3:19-cv-00099-SLG
Opp. to Plaintiffs Motions at Dkts 13-15     Page 4 of 8
Case 3:19-cv-00099-SLG    Document 19    Filed 07/02/19    Page 4 of 8

Finally, Mr. Gladden's request that undersigned counsel file various disclosures with the Court have no basis in law or rule (and also don't make any sense) and thus should be denied.

### III.   The request for transfer of this action to a different court should be denied (Dkt 15).

Mr. Gladden argues that Judge Gleason should recuse herself because she is an inactive member of the Alaska Bar Association, as is undersigned counsel, as is the defendant. In Mr. Gladden's eyes, that is enough to create an "appearance of impropriety" requiring recusal. Dkt 15 at 3, 6-7. The assertion is incorrect.

"[I]n the absence of a legitimate reason to recuse [her]self, 'a judge should participate in cases assigned.'" *United States v. Holland*, 519 F.3d 909, 912 (9th Cir. 2008) (quoting *Maier v. Orr*, 758 F.2d 1578, 1583 (Fed. Cir. 1985); *United States v. Snyder*, 235 F.3d 42, 46 (1st Cir. 2000)). Yet a judge "may not sit in cases in which [her] 'impartiality might reasonably be questioned.'" *Holland*, 519 F.3d at 912 (quoting 27 U.S.C. § 455(a)).[2] "Section 455(a) asks whether a reasonable person perceives a significant risk that the judge will resolve the case on a basis other than the merits." *Holland*, 519 F.3d at 912 (quoting *In re Mason*, 916 F.2d 384, 385 (7th Cir. 1990)).

There is nothing reasonable about Mr. Gladden's assertions of bias. "The reasonable person is not someone who is hypersensitive or unduly suspicious, but rather

---

[2]   28 U.S.C. § 455(b) enumerates specific circumstances in which a judge must recuse herself. To undersigned counsel's knowledge, none of these circumstances appear to applies here.

*Gladden v. Reigh*                                                             Case No. 3:19-cv-00099-SLG
Opp. to Plaintiffs Motions at Dkts 13-15                                              Page 5 of 8
Case 3:19-cv-00099-SLG   Document 19   Filed 07/02/19   Page 5 of 8

is a well-informed, thoughtful observer." *Holland*, 519 F.3d at 912. A reasonable person would not think that just because one party is a lawyer, represented by another lawyer, and the judge too is a lawyer (as she has to be), all members of the same state bar, that the judge will "resolve the case on a basis other than the merits." If that were so, then no federal district court judge could preside over a case where one party is an attorney admitted to the same bar as the judge—a result incompatible with the Ninth Circuit's admonition that the standard for recusal "must not be so broadly construed that it becomes, in effect, presumptive." *Id.* at 913 (citing *United States v, Cooley*, 1 F.3d 985, 993 (10th Cir. 1993)). Mr. Gladden's argument that Judge Gleason must recuse herself from his complaint challenging the legitimacy of an Alaska superior court judge's jurisdiction because she is a member of the Alaska Bar Association and a former superior court judge boils down to "unsubstantiated suspicion of personal bias or prejudice," which cannot be the basis for recusal. *Id.* at 913 (citing *Cooley*, 1 F.3d at 993). And because there was nothing improper about the Court's treatment of Mr. Gladden's improperly filed second amended complaint (as explained above), that cannot be the basis for recusal either.

Finally, Mr. Gladden speciously suggests that this Court is not a true article III court because it has been created by Congress, so he requests transfer to a "bona fide" Article III court. Dkt 15 at 7-8. As this Court well knows, although United States District Courts like this one are created pursuant to Congress's power under Article I, § 8 of the Constitution, they are nevertheless Article III courts because they exercise the judicial

*Gladden v. Reigh*                                                                                                                    Case No. 3:19-cv-00099-SLG
Opp. to Plaintiffs Motions at Dkts 13-15                                                Page 6 of 8
Case 3:19-cv-00099-SLG    Document 19    Filed 07/02/19    Page 6 of 8

power of the United States and their judges enjoy the protections of Article III, § 1. *See Wellness Intern. Network, Ltd. v. Sharif*, 135 S. Ct. 1932, 1938 (2015) ("Article III, § 1 of the Constitution provides that '[t]he judicial Power of the United States, shall be vested in one supreme Court, and in such inferior Courts as the Congress may from time to time ordain and establish.' Congress has in turn established 94 District Courts and 13 Courts of Appeals, composed of judges who enjoy the protections of Article III . . . ."); 28 U.S.C. § 81A (establishing U.S. District Court for Alaska). Mr. Gladden's motion for transfer is therefore meritless.

DATED July 2, 2019.

                                  KEVIN G. CLARKSON
                                  ATTORNEY GENERAL

By: /s/Dario Borghesan
     Dario Borghesan
     Assistant Attorney General
     Alaska Bar No. 1005015
     Department of Law
     1031 West Fourth Avenue, Suite 200
     Anchorage, AK  99501
     Phone:  (907) 269-5275
     Facsimile:  (907) 276-3697
     Email:  dario.borghesan@alaska.gov
     Attorney for Defendant Christina L. Reigh

*Gladden v. Reigh*         Case No. 3:19-cv-00099-SLG
Opp. to Plaintiffs Motions at Dkts 13-15         Page 7 of 8
Case 3:19-cv-00099-SLG   Document 19   Filed 07/02/19   Page 7 of 8

## CERTIFICATE OF SERVICE

I certify that on July 2, 2019 the foregoing was served electronically on all parties via CM/ECF. I also caused to be served via U.S. mail a paper copy of this document on:

David Gary Gladden
13193 South Old Knik Harbor Drive
Wasilla, AK  99623

/s/Dario Borghesan
Dario Borghesan
Assistant Attorney General

*Gladden v. Reigh* Case No. 3:19-cv-00099-SLG
Opp. to Plaintiffs Motions at Dkts 13-15 Page 8 of 8
Case 3:19-cv-00099-SLG   Document 19   Filed 07/02/19   Page 8 of 8