RECEIVED

JUL 15 2019

CLERK, U.S. DISTRICT COURT
ANCHORAGE, A.K.

"David Gary Gladden"
13193 South Old Knik Harbor Drive
Wasilla, Alaska [99623]
907-671-7370 Phone
907-357-8004 Fax (call to turn on)
dave@alaskaminuteman.com

"District Court of the United States"
District of Alaska
Anchorage, Alaska

| | | |
|---|---|---|
| David Gary Gladden, *in propria persona* | ) | |
| Plaintiff | ) | |
| | ) | |
| *Versus* | ) | Case: 3:19-cv-99 |
| | ) | |
| CHRISTINA L. REIGH, in her *personal and* | ) | |
| Presumed Official Capacity | ) | |

Reply to Docket 19 of DARIO BORGHESAN ("BORGHESAN") Opposition to Doc 13; Objection to Doc 14 and Objection to Doc 15; and, Docket 19 Should be Stricken ("Reply")

**Table of Contents.**

I. Reply.................................................................................................. 1

   A. Lawyers and Attorneys like BORGHESAN LIE with Impunity. ............................ 1

   B. Off- Point Pleading. ..................................................................... 2

   C. Attorneys Can't Testify to FACTS or to the Truthfulness of Facts........................... 3

II. BORGHESAN Continues to File into the "United States District Court".................... 3

III. Some RULE of Court Can't Abrogate or Modify Substantive Law or Where Rights are Secured by the Constitution of the United States.......................................... 4

   A. Rules of Court can't Abrogate or Modify Substantive Law or Where Rights are Secured by the Constitution.................................................................. 4

IV. BORGHESAN's Objection to JUDGE REIGH is Meritless. ...................................... 6

V. Gladden's Demand to Transfer to a Bona Fide Article III Court Section 1 and Section 2 ................................................................................................................. 9

   A—United States District Courts are Article I Section 8 Clause 9 "Legislative Courts" 9

   B. GLEASON Is Not An Independent Article III Judge. ............................................. 11

VI. Congress Can't Withdraw From judicial Cognizance any Subject From its Nature of a Suit of Common Law or In Equity or Admiralty. ........................................................ 12

   A. Public-Rights Doctrine and Private Rights. ................................................. 15

   B. The CON of Allowing Non-Article III Forums for Civil, Criminal and Bankruptcy Trials. .......................................................................................................... 17

   C. "Due Process of Law" and "By the Law of the Land" ............................. 19

   D. Common Law Rules and Equity. ............................................................. 20

VII. Conclusion. ................................................................................................. 23

VIII. Verified Affidavit of David Gary Gladden. ................................................. 25

IX. Certificate of Service ...................................................................................... 26

## I. Reply

**Comes Now**, David Gary Gladden, ("Gladden") **Reply to Docket 19 of DARIO BORGHESAN ("BORGHESAN") Opposition to Doc 13; BORGHESAN's Objection to Doc 14; and, BORGHESAN's Objection to Doc 15; and, Docket 19 Should be Stricken ("Reply").**

One thing that **BORGHESAN** excels in is LIES, being totally Off-Point and continually trespassing into this Case in the "District Court of the United States" arising under Article III Sections 1 and 2 exercising the "judicial Power of the United States" in "All Cases in Law, and Equity."

## A. Lawyers and Attorneys like BORGHESAN LIE with Impunity.

Amazingly Congress clothed Lawyers and Attorneys like **BORGHESAN with immunity by** enacting a Statute of the United States that grants government people and others to outright Lie with Impunity as codified in **18 U.S.C. § 1001(b)** which **BORGHESAN** persists with in his Doc 19, to wit:

(a) Except as otherwise provided in this section, whoever, **in any matter within the jurisdiction of the executive, legislative, or judicial branch of the Government of the United States, knowingly and willfully--**

(1) falsifies, conceals, or covers up by any trick, scheme, or device a material fact;

(2) makes any materially false, fictitious, or fraudulent statement or representation; or

(3) makes or uses any false writing or document knowing the same to contain any materially false, fictitious, or fraudulent statement or entry;

shall be fined under this title, imprisoned not more than 5 years or, if the offense involves international or domestic terrorism (as defined in section 2331), imprisoned not more than 8 years, or both. If the matter relates to an

Case: 3:19-cv-99                    1

offense under chapter 109A, 109B, 110, or 117, or section 1591, then the term of imprisonment imposed under this section shall be not more than 8 years.

(b) **Subsection (a) does not apply to a party to a judicial proceeding, or that party's counsel, for statements, representations, writings or documents submitted by such party or counsel to a judge or magistrate in that proceeding.**

See also *United States v. McNeil*, 362 F.3d 570 (9th Cir. 2004); and, *United States v. Horvath*, 492 F.3d 1075 (9th Cir. 2007).

## B. Off- Point Pleading.

The Supreme Court of the United States has by its repeated adjudications, stated that if *dicta* or general expressions are not directly on-point they ought not to control subsequent suits starting with *Cohens v. Virginia*, 19 U.S. 264, 399-400 (1821), to wit:

It is a maxim not to be disregarded, that general expressions, in every opinion, are to be taken in connection with the case in which those expressions are used. If they go beyond the case, they may be respected, **but ought not to control the judgment in a subsequent suit when the very point is presented for decision.** (emphasis added)

See also *Central Virginia Community v. Katz*, 126 S.Ct. 990, 996 (2006); *Jean v. Nelson*, 472 U.S. 846, 872 (1985); *Zenith Radio Corp. v. U.S.*, 437 U.S. 443, 462 (1978); *People of Puerto Rico v. Shell Co.*, 302 U.S. 253, 269 (1937); *Oska Shosen Kaisha Line v. U.S.*, 300 U.S. 98, 103 (1937); *Humphrey's Ex'r v. U.S.*, 295 U.S. 602, 627 (1935); *Myers v. U.S.*, 272 U.S. 52, 142 (1926); *Joplin Mercantile Co. v. U.S.*, 236 U.S. 531, 538 (1915); *Downes v. Bidwell*, 1982 U.S. 244, 258 (1901); *French v. Barber Asphalt Pav. Co.*, 181 U.S. 324, 367 (1901); *U.S. v. Wong Kim Ark*, 169 U.S. 649, 679 (1898);

Case 3:19-cv-00099-SLG   Document 21   Filed 07/15/19   Page 4 of 28

*Pollock v. Farmers' Loan & Trust Co.*, 157 U.S. 429, 574 (1895); *Leisy v. Hardin*, 135

U.S. 100, 135 (1890); *Carroll v. Carroll's Lessee*, 57 U.S. 275, 287 (1853).

## C. Attorneys Can't Testify to FACTS or to the Truthfulness of Facts

See *Trinsey v. Pagliaro*, 229 F.Supp. 647, 649 (E.D.Penn. 1964); In *Borbon v.*

*City of Tucson*, 556 P.2d 1153, 1154 (Ct.App.Ariz. 1976), to wit:

> **Summary judgment cannot be granted on the basis of statements of
> fact in the moving party's brief even though they are uncontroverted
> by an opponent.** *Trinsey v. Pagliaro*, 229 F.Supp. 647 (E.D.Pa.1964);
> *Wright & Miller, Federal Practice and Procedure, Vol. 10, Sec. 2723*, p.
> 489. **Similarly, the court may not take cognizance of positions
> regarding the facts based upon exhibits that are merely parts of the
> briefs and have not been otherwise verified or supported.** *Goldman v.
> Summerfield,* 94 U.S.App.D.C. 209, 214 F.2d 858 (1954). However,
> admissions in the brief by the party opposing the motion may be used in
> determining that there is no genuine issue as to any material facts since they
> are functionally equivalent to 'admissions on file' which are expressly
> mentioned in Rule 56(c), Arizona Rules of Civil Procedure. Cf. *Allison v.
> Mackey.*

In *United States v. Roberts*, 618 F.2d 530, 536-537 (9th Cir. 1980) "*United States*

*v. Arroyo-Angulo*, 580 F.2d 1137, 1150 (2nd Cir. 1978) (concurring opinion). We agree.

**The prosecution may not portray itself as a guarantor of truthfulness."** See *United*

*States v. Collins*, 401 F3d. 212, 216 (4rh Cir. 2005); *United States v. Collins*, 415 F. 3d

304, 308 (4th Cir. 2005); *United States v. Simtob*, 901 F.2d 799, 806 (9th Cir. 1990).

## II. BORGHESAN Continues to File into the "United States District Court"

Saul Alinsky would give **BORGHESAN** an A+ who wrote the book "Rules for

Radicals" dedicated his book to Lucifer and stating to NEVER admit the CON and

accuse you opponent of what you are guilty of—Hillary Clinton wrote a thesis on this

being a star pupil as was Obama a star pupil of Alinsky's.

BORGHESAN does not establish or object that Gladden's Complaint is illegally or unlawfully filed into a bona fide Article III Sections 1 and 2 "District Court of the United States" "exercising the judicial Power of the United States" in "all Cases in Law, and Equity" but tries to evade by some procedure or rule to proceeding forward with the Complaint.

### III. Some RULE of Court Can't Abrogate or Modify Substantive Law or Where Rights are Secured by the Constitution of the United States.

Gladden incorporates all of Docket 10 with its 59 Attachments into this Reply. Of course BORGHESAN does not want to recognize Docket 10 and its 59 Attachments as this is conclusive evidence of unassailable facts that REIGH was proceeding in "Clear absence of all jurisdiction" as REIGH had no "Office" established by the Legislature of the State of Alaska or by the Constitution therein *flows a fortiori* that REIGH was not a *de jure Officer* nor a *de facto Officer*.

### A. Rules of Court can't Abrogate or Modify Substantive Law or Where Rights are Secured by the Constitution.

For BORGHESAN in any Court or Tribunal to invoke its Rules requires several essential elements with one being the right secured in the Constitution of the United States arising under Article III Sections 1 and 2 "exercising the judicial Power of the United States" in "all Cases in Law and Equity" exists in the "United States District Court," which Does Not Exist. The Right is secured in the Constitution of the United States in Article III Sections 1 and 2.

Case 3:19-cv-00099-SLG   Document 21   Filed 07/15/19   Page 6 of 28

It was held that no rule of court can abrogate or modify the substantive law or enlarge or restrict jurisdiction in the adjudged decision of *Washington-Southern Nav. Co. v. Baltimore & Philadelphia Co.* 263 U.S. 629, 635 (1924), to wit;

> But no rule of court can enlarge or restrict jurisdiction. Nor can a rule abrogate or modify the substantive law. This is true, whether the court to which the rules apply be one of law, of equity or admiralty.

And in the where fundamental rights are secured in the Constitution are at issue there can be no rule making or legislation that would abrogate these fundamental rights as held in the adjudged decision of *Miranda v. State of Arizona*, 384 U.S. 436, 491 (1966), to wit:

> **Where rights secured by the Constitution are involved**, there can be **no rule making or legislation which would abrogate them.**

*Miranda, ibid.* is well settled as evidenced in *Davis v. Passman*, 571 F.2d 793, 811 (5th Cir. 1978); *Polar Shipping ltd. V. Oriental Shipping Corp.*, 680 F.2d 627 635 (9th Cir. 1982); *Resident Advisory Bd. v. Rizzo*, 463 F.Supp. 694, 699 (E.D.Pa. 1979); *Strange v. James*, 323 F.Supp. 1230, 1233 FN6 (D.Kan. 1971); *Grand Bahama Petroleum Co., Ltd. V. Canadian Transp. Agencies, Ltd.*, 450 F.Supp. 447, 450 (W.D.Wash. 1978); *United States v. Kowalik*, 809 F.Supp. 1571, 1573 (S.D.Fla. 1992); *Halderman v. Pennhurst State School and Hospital*, 533 F.Supp. 631, 639 (E.D.Pa. 1981); *El Ameen Bey v. Stumpf*, 825 F.Supp.2d 537, 548 (D.N.J. 2011); *United States v. Hopkins*, 329 F.R.D. 285, 306 (D.N.Mex. 2018); *United States v. Hopkins*, 927 F.Supp.2d 1120, 1146 (D.N.Mex. 2013); *In re Allen*, 455 P.2d 143, 146 (Sup.Ct.Ca. 1969); *People ex rel. Boyle v. Cruise*, 189 N.Y.S. 338, 342 (Sup.Ct.App.Div. 1921); *State v. Fuller*, 504 P.2d 1393, 1398

(Ct.App.Ore. 1973); *State v. Broussard*, 517 So.2d 1000, 1005 (Ct.App.La. 1987); *In re James*, 283 N.Y.S.2d 126, 141 (Sup.Ct.N.Y. 1967).

Therefore, **BORGHESAN's** objection to Docket 10 is irrelevant, is not supported by Laws of the United States or supported by the holdings of the Courts of the United States especially *Miranda v. State of Arizona*, 384 U.S. 436, 491 (1966).

### IV. BORGHESAN's Objection to JUDGE REIGH is Meritless.

**BORGHESAN** by his *ipse dixit* pontification using Civil Rule 11.1(a)(1) wherein this "United States District Court's" Rules only have applications upon the establishment of Gladden's Complaint is in a "District Court of the United States" with "subject matter jurisdiction" and "personal jurisdiction" arising under Article III Sections 1 and 2 exercising the "judicial Power of the United States" in "all Cases in Law and Equity." **BORGHESAN** does not address a single one of several essential elements that REIGH "practices" her FRAUD in the Administrative District established by the Alaska Bar Association.

The Complaint is against "**CHRISTINA L. REIGH**" ("REIGH") is in her personal and Presumed Official Capacity for proceeding against Gladden after Gladden had given **REIGH "actual notice"** that she was proceeding with a "clear absence of all jurisdiction"[1] in the Case: 3DI-18-00002CI in Dillingham, Alaska under the "State Bar Bylaws, Art. I § 6 **Administrative** Districts—(3)"**Third Judicial District**" with this

---

[1] *Stump v. Sparkman*, 435 U.S. 349, 349, 356-357 (1978) "Held: . . . (a) A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority, but rather he will be subject to liability only when he has acted in the "**clear absence of all jurisdiction**," *Bradley v. Fisher*, 13 Wall. 335, 351, 20 L.Ed. 646.  Pp. 1104-1105 (1871),"

Case: 3:19-cv-99                                6

Third Amended Complaint and in the Nature of a Quo Warranto. ("Complaint") and **BORGHESAN** ignores same as this essential element does not exist if ignored. Sorry, **BORGHESAN,** it still remains an essential element of the Complaint that is supported by relevant evidence.

The "**Third Judicial District**" is an "**administrative district**" "**created**" by the Alaska Bar (Not the Legislature of the State of Alaska or the Constitution for the State of Alaska) as evidenced by **Attachment 1—State Bar Bylaws, Art. II, Sections 6. Administrative Districts ("Attach 1—State Bar Bylaws, Art. I"),** to wit:

> **Section 6. Administrative Districts.** For the purpose of the **administration** of the Act, these Bylaws, the Rules, and the Policies and Regulations promulgated under them, **four administrative districts, based in part upon the judicial districts existing in 1973, are created as follows:**
>
> (1) The First Judicial District of Alaska;
> (2) The Second and Fourth Judicial Districts of Alaska combined;
> (3) **The Third Judicial District of Alaska;** and
> (4) Any jurisdiction or geographical area outside the State.

The constitutional Venue for an "Office" within the "**Third District**"[2] as established by the **Legislature of the State of Alaska** in 1959 in SLA 1959, ch. 50, § 16 codified today in ©AS § 22.10.010—Establishment of Superior Court is evidenced by **Attachment 2—SLA 1959, ch. 50, § 16 ("Attach 2—SLA 1959 ch. 50, § 16").**

And further, **REIGH** has been knowingly and intentionally proceeding against Gladden after Gladden had given **REIGH "actual notice"** with a "clear absence of all jurisdiction" using the Alaska Bar "Administrative Districts" by the Alaska Bar

---

[2] SLA 1959, ch. 50, § 16 codified today in ©AS § 22.10.010—Establishment of Superior Court.

Case: 3:19-cv-99    7

Association with "District" defined and evidenced in the State Bylaws, Art. XIII (5) "District" means an **administrative district** of Alaska, as defined in Article I, Section 6 being **Attachment 3—Definition of "District" by the Alaska Bar ("Attach 3—Definition of "District" by the Alaska Bar").**

REIGH uses the "administrative district" of the Alaska Bar **Attach 1—State Bar Bylaws, Art. I")** being "**IN THE SUPERIOR COURT FOR THE STATE OF ALASKA**" instead of the constitutional "**In the Superior Court of the State of Alaska**" established by **Attach 2—SLA 1959 ch. 50, § 16.**

And further, **REIGH** has been proceeding against Gladden after being given "actual notice" that **REIGH** had no "Office" established by the Constitution **for** the State of Alaska or the Legislature of the State of Alaska therein *flows a fortiori* that **REIGH** is not a "*de jure officer*" nor a "*de facto officer*" as there must exist an "office" established by the Constitution **for** the State of Alaska or by the Legislature of the State of Alaska. See Memorandum on *de jure* and *de facto*, *infra*.

**BORGHESAN** conveniently does not oppose or affirm the "**Third District**" established by the Legislature of the State of Alaska; and, **BORGHESAN** does not oppose or affirm the "**Third Judicial District**" administrative district established by the Alaska Bar Association in being an essential element that **REIGH** knowingly and intentionally proceeded against Gladden in "clear absence of all jurisdiction"[3] with no

---

[3] *Stump v. Sparkman*, 435 U.S. 349, 349, 356-357 (1978) "Held: . . . (a) A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority, but rather he will be subject to liability only when he has acted in the

"Office." Yet, **BORGHESAN** by magical fiat with his faux documents arrives that Gladden is in error. Shocking to say the least that this level of LYING exists within the State of Alaska lawyer ranks!

## V. Gladden's Demand to Transfer to a Bona Fide Article III Court Section 1 and Section 2

**BORGHESAN** does admit that this "United States District Court" in the District of Alaska is created pursuant Article I Section 8 Clause 9 "To constitute Tribunals inferior to the Supreme Court." **BORGHESAN** then proceeds to magically conflate "28 U.S.C. § "judicial power of a district court . . . exercised by a single judge" to be the same as "judicial power of the United States" in "all Cases in Law and in Equity." This is a TOTAL LIE being merely another *ipse dixit* pontification by **BORGHESAN**. Gladden will brief out the substantive elements that Article III can't be posited in any Article I Tribunal, that Congress can't withdraw the Article III courts from Gladden and that the Right is secured for Gladden in Article III.

## A—United States District Courts are Article I Section 8 Clause 9 "Legislative Courts"

Of course **BORGHESAN and GLEASON** are deemed to know the law with both having the knowledge that the **"United States District Court"** is merely an **Article I, Section 8, Clause 9 "To constitute Tribunals inferior to the supreme Court."**

This is evidenced by *Eastern Metals Corporation v. Martin*, 191 F.Supp. 245, 248 (S.D.N.Y. 1960), to wit:

A **United States District Court** is an 'inferior' court, i.e., inferior to the

"**clear absence of all jurisdiction**," *Bradley v. Fisher*, 13 Wall. 335, 351, 20 L.Ed. 646. Pp. 1104-1105 (1871),"

United States Supreme Court. The **District Court is a tribunal created by Congress under the power given to Congress by Article 1, Section 8, Clause 9,** of the United States Constitution, which provides that Congress shall have power '**To constitute Tribunals inferior to the Supreme Court'.** *Romero v. International Terminal Operating Co.*, 358 U.S. 354, 79 S.Ct. 468, 3 L.Ed. 368. **The creation and composition of the United States District Courts is presently set forth in T. 28 U.S.C. § 132. A United States District Court has only such jurisdiction as the Congress confers upon the court.**

**The general jurisdiction of United States District Courts is set forth in T. 28 U.S.C. Chap. 85 (§§ 1331 to 1360).**

And this Ruse of Article III "District Court of the United States will most certainly be continued by **BORGHESAN and supported by GLEASON that this "Controversy" by** *ipse dixit* **pontifications of BORGHESAN claiming, or never admitting, that this "United States District Court" does NOT arise** under Article III Sections 1 and 2 exercising the "Judicial Power of the United States" and that "The judicial Power shall extend to all **Cases, in Law and equity,** arising under this Constitution, the Laws of the United States, and Treaties made, or which shall be made, under their Authority."

That this "United States District Court" is a bona fide Article III Sections 1 and 2 Court of the United States, *i.e.* "District Court of the United States" is also conclusively refuted by *United States v. Roberts*, 618 F.2d 530, 546 (9th Cir. 1980), to wit:

> There shall be in each judicial district a district court . . ." and "**the judicial power of a district court . . . may be exercised by a single judge . . .".** This last provision **should be noticed; it is fundamental that a district judge has no judicial power individually; his judicial power is exercised as the representative of a court. "(J)urisdiction is lodged in a court, not in a person. The judge, exercising the jurisdiction, acts for the court".** *In re Brown*, 346 F.2d 903, 910 (5th Cir. 1965), quoted with approval in *United States v. Teresi*, 484 F.2d 894, 898 (7th Cir. 1973). * * * The

Supreme Court has said: <u>"District Courts are solely the creation of statute, and the place in which a judge thereof may exercise jurisdiction is subject absolutely to the control of Congress"</u>. *McDowell v. United State*s, 159 U.S. 596, 598-9, 16 S.Ct. 111, 111-112, 40 L.Ed. 271 (1895)

It is an unassailable FACT that **GLEASON** acts as a "<u>representative</u> **of the court**" *supra.*; and further, that "The judge [**GLEASON**] . . . <u>acts for the court</u>;" and further, that **GLEASON** is "**subject absolutely to the control of Congress**" and not an "**independent Judge**" arising under Article III sections 1 and 2 exercising the "judicial Power of the United States" but exercising the "judicial power of a district court" as evidenced also in 28 U.S.C. 132(c). **BORGHESAN** has no choice as **BORGHESAN will ONLY file and have allegiance to the "United States District Court"** that is merely an **Article I, Section 8, Clause 9 "To constitute Tribunals inferior to the supreme Court."**

**B. GLEASON Is Not An Independent Article III Judge.**

As evidenced in *Eastern Metals Corporation v. Martin*, 191 F.Supp. 245, 248 (S.D.N.Y. 1960), *supra* and *United States v. Roberts*, 618 F.2d 530, 546 (9th Cir. 1980), *supra,* wherein **GLEASON** is not an "independent judge" arising under Article III. Gladden in demanding an independent judge and as stated in all is lost if our judges are not independent, *i.e.* in O'Donoghue v. United States, 289 U.S. 516, 532 (1933), to wit:

> Justice Marshall, in the course of the debates of the Virginia State Convention of 1829--1830 (pp. 616, 619), used the following strong and frequently quoted language:
>
> > **'The Judicial Department comes home in its effects to every man's fireside; it passes on his property, his reputation, his life, his all. Is it not, to the last degree important, that he should be rendered**

Case 3:19-cv-00099-SLG   Document 21   Filed 07/15/19   Page 13 of 28

perfectly and completely independent, with nothing to influence or control him but God and his conscience? * * * I have always thought, from my earliest youth till now, that the greatest scourge an angry Heaven ever inflicted upon an ungrateful and a sinning people, was an ignorant, a corrupt, or a dependent Judiciary.'

In a very early period of our history, it was said, in words as true to-day as they were then, that 'if they (the people) value and wish to preserve their Constitution, they ought never to surrender the independence of their judges.'

## VI. Congress Can't Withdraw From judicial Cognizance any Subject From its Nature of a Suit of Common Law or In Equity or Admiralty.

**BORGHESAN** needs to quit drinking water out of the toilet (should first be flushed), as **BORGHESAN's** Pleading are founded only in LIES and **BORGHESAN's** *ipse dixit* pontifications. **Pssst BORGHESAN.** One thousand (1,000) LIES will not equal even ONE Truth; and **BORCHESAN** seems to have no knowledge of the **two most important words in law being "Prove It."**

Congress can't withdraw from judicial cognizance any matter, which by its nature is subject to a suit at the common law, or in equity, or admiralty. Congress may bring **"public rights"** issues that may be presented in such a form that they are **susceptible of judicial determination** in an Article I Tribunal but Congress may not bring them under the cognizance of the Courts of the United States arising under Article III sections 1 and 2, *i.e.* the "judicial power of the United States" can't be shared as evidenced in *Murray's Lessee v. Hoboken Land & Improvement Co.*, 59 U.S. 272, 284-285 (1856), to wit:

To avoid misconstruction upon so grave a subject, we think **it proper to state that we do not consider congress can either withdraw from judicial cognizance any matter which, from its nature, is the subject of a suit at the common law, or in equity, or admiralty**; nor, on the other hand, **can it bring under the judicial power a matter which, from its**

nature, **is not a subject for judicial determination**. At the same time there are matters, **involving public rights, which may be presented in such form that the judicial power is capable of acting on them, and which are susceptible of judicial determination, but which congress may or may not bring within the cognizance of the courts of the United States**, as it may deem proper. Equitable claims to land by the inhabitants of ceded territories form a striking instance of such a class of cases; and as it depends upon the will of congress whether a remedy in the courts shall be allowed at all, in such cases, they may regulate it and prescribe such rules of determination as they may think just and needful. Thus it has been repeatedly decided in this class of cases, that upon their trial the acts of executive officers, done under the authority of congress, were conclusive, either upon particular facts involved in the inquiry or upon the whole title. Foley v. Harrison, 15 How. 433; Burgess *v.* Gray, 16 How. 48; [*Minnesota Mining Co. v. National Mining Co.*, 70 US. 332 (1865)] The Minnesota Mining Company at the present term.

It is true, also, that even in a suit between private persons to try a question of private right, the action of the executive power, upon a matter committed to its determination by the constitution and laws, is conclusive. *Luther v. Borden*, 7 How. 1; *Doe v. Braden*, 16 How. 635.

*In Stern v. Marshall*, 564 U.S. 462, 482-483, 484 (2014), to wit:

As its text and our precedent confirm, Article III is **"an inseparable element of the constitutional system of checks and balances"** that "both **defines the power and protects the independence of the Judicial Branch."** *Northern Pipeline,* 458 U.S., at 58, 102 S.Ct. 2858 (plurality opinion). Under "the basic concept of separation of powers ... that flow[s] from the scheme of a tripartite government" adopted in the Constitution, "the '**judicial Power of the United States' ... can no more be shared"** with another branch than "the Chief Executive, for example, can share with the Judiciary the veto power, or the Congress share with the Judiciary the power to override a Presidential veto." *United States v. Nixon,* 418 U.S. 683, 704, 94 S.Ct. 3090, 41 L.Ed.2d 1039 (1974) (quoting U.S. Const., Art. III, § 1).

\* \* \*

**The Framers undertook in Article III to protect citizens subject to the judicial power of the new Federal Government from a repeat of those abuses**.

\* \* \*

Article III could neither serve its purpose in the system of checks and balances nor preserve the integrity of judicial decisionmaking if the other

Case 3:19-cv-00099-SLG   Document 21   Filed 07/15/19   Page 15 of 28

branches of the Federal Government **could confer the Government's "judicial power" on entities outside Article III.** That is why we have long recognized that, in general, **Congress may not "withdraw from judicial cognizance any matter which, from its nature, is the subject of a suit at the common law, or in equity, or admiralty."** *Murray's Lessee v. Hoboken Land & Improvement Co.,* 59 U.S. 272, 18 How. 272, 284, 15 L.Ed. 372 (1856). When a suit is made of "**the stuff of the traditional actions at common law tried by the courts at Westminster in 1789,**" *Northern Pipeline,* 458 U.S., at 90, 102 S.Ct. 2858 (Rehnquist, J., concurring in judgment), and **is brought within the bounds of federal jurisdiction, the responsibility for deciding that suit rests with Article III judges in Article III courts. The Constitution assigns that job— resolution of "the mundane as well as the glamorous, matters of common law and statute as well as constitutional law, issues of fact as well as issues of law"—to the Judiciary.** *Id.,* at 86–87, n. 39, 102 S.Ct. 2858 (plurality opinion).

Also in *Oil States Energy Services, LLC, v. Greene's Energy Group, LLC*, 138

S.Ct. 1365, 1372-1373 (2018), to wit:

Article III vests the judicial power of the United States "in one supreme Court, and in such inferior Courts as the Congress may from time to time ordain and establish." § 1. Consequently, Congress cannot "confer the Government's 'judicial *1373 Power' on entities outside Article III." *Stern v. Marshall,* 564 U.S. 462, 484, 131 S.Ct. 2594, 180 L.Ed.2d 475 (2011).

Judge Gorsuch in *Oil States Energy Services, LLC, v. Greene's Energy Group,*

*LLC*, 138 S.Ct. 1365, 1381 (2018), *dissenting opinion*, affirms in this Court's judgment

that the court does not quarrel with the holdings in *Murray's Lessee v. Hoboken Land &*

*Improvement Co.*, 59 U.S. 272, 284 and *Stern v. Marshall*, 564 U.S. 462, 484 2011).

But Judge Gorsuch states in *Oil States, ibid* @ 1381, to wit:

Of course, all this invites the question: **how do we know which cases independent judges must hear**? **The Constitution's original public meaning supplies the key, for the Constitution cannot secure the people's liberty any less today than it did the day it was ratified.** The relevant constitutional provision, Article III, explains that the federal **"judicial Power"** is vested in **independent judges.** As originally

understood, the judicial power extended to "suit[s] at the common law, or in equity, or admiralty."

What has happened with Congress constituting Article I Section 8 Clause "legislative

courts" in "United States District Courts" where Gorsuch @1386, *ibid.* express what is

the reason for Article III Courts, being to wit:

> **Today's decision may not represent a rout but it at least signals a retreat from Article III's guarantees.** Ceding to the political branches ground they wish to take in the name of efficient government may seem like an act of judicial restraint. **But enforcing Article III isn't about protecting judicial authority for its own sake. <u>It's about ensuring the people today and tomorrow enjoy no fewer rights against governmental intrusion than those who came before.</u> And the <u>loss of the right to an independent judge</u> is never a small thing.** It's for that reason Hamilton warned the judiciary to take "all possible care ... to defend itself against" intrusions by the other branches. The Federalist No. 78, at 466. It's for that reason I respectfully dissent.

In *Wellness Intern. Newwork, Ltd, v. Shariff,* 135 S.Ct. 1932, 1938, 1938 (2014), to wit:

> Because these protections help to ensure the integrity and independence of the Judiciary, "we have long recognized that, in general, **Congress may not withdraw from"** the Article III courts **"any matter which, from its nature, is the subject of a suit at the common law, or in equity, or in admiralty."** *Stern v. Marshall,* 564 U.S. 462, 483 (2011) (internal quotation marks omitted).

## A. Public-Rights Doctrine and Private Rights.

This instant case is NOT clothed in the "public-rights doctrine," wherein an in-

depth examination of "public-rights doctrine" versus "private rights" is found in *Oil*

*States Energy Services, LLC v. Greene's Energy Group, LLC*, 138 S.Ct. 1365, 1372-

1373, to wit:

Article III vests the judicial power of the United States "in one supreme

Court, and in such inferior Courts as the Congress may from time to time ordain and establish." § 1. Consequently, Congress cannot "confer the Government's 'judicial *1373 Power' on entities outside Article III." *Stern v. Marshall,* 564 U.S. 462, 484, 131 S.Ct. 2594, 180 L.Ed.2d 475 (2011). When determining whether a proceeding involves an exercise of Article III judicial power, this Court's precedents have distinguished between **"public rights"** and **"private rights."** *Executive Benefits Ins. Agency v. Arkison,* 573 U.S 25 (2014) (internal quotation marks omitted). Those precedents have given Congress significant latitude to assign adjudication of **public rights** to entities other than Article III courts. See *ibid.*; *Stern, supra,* at 488–492, 131 S.Ct. 2594.

This Court has not **"definitively explained"** the distinction between **public and private rights,** *Northern Pipeline Constr. Co. v. Marathon Pipe Line Co.,* 458 U.S. 50, 69, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982), and its precedents applying the public-rights doctrine have **"not been entirely consistent,"** *Stern,* 564 U.S., at 488, 131 S.Ct. 2594. But this case does not require us to add to the "various formulations" of the public-rights doctrine. *Ibid.* **Our precedents have recognized that the doctrine covers matters <u>"which arise between the Government and persons subject to its authority in connection with the performance of the constitutional functions of the executive or legislative departments."</u>** *Crowell v. Benson,* 285 U.S. 22, 50, 52 S.Ct. 285, 76 L.Ed. 598 (1932). In other words, the public-rights doctrine applies to matters " '<u>**arising between the government and others, which from their nature do not require judicial determination and yet are susceptible of it.**</u>' " *Ibid.* (quoting *Ex parte Bakelite Corp.,* 279 U.S. 438, 451, 49 S.Ct. 411, 73 L.Ed. 789 (1929)). Inter partes review involves one such matter: reconsideration of the Government's decision to grant a public franchise.

In *Wellness Intern. Newwork, Ltd, v. Shariff,* 135 S.Ct. 1932, 1938, 1938 (2014),

to wit:

Because these protections help to ensure the integrity and independence of the Judiciary, "we have long recognized that, in general, **Congress may not withdraw from"** the Article III courts "**any matter which, from its nature, is the subject of a suit at the common law, or in equity, or in admiralty.**" *Stern v. Marshall,* 564 U.S. 462, 483 (2011) (internal quotation marks omitted).

**B.   The CON of Allowing Non-Article III Forums for Civil, Criminal and Bankruptcy Trials**

*Wellness Intern. Newwork, Ltd, v. Shariff,* 135 S.Ct. 1932, 1938, 1943, 1944 (2014) attempts to justify that by the parties giving **consent** in limited circumstances that justifies the use of Article I Tribunals that can preside over a civil trial, criminal trial and bankruptcy cases.

But a bona fide Article III section 1 and 2 "inferior court" is required to exist **first** to supervise an **Article I Tribunal Article I Section 8 Clause 9** "to constitute Tribunals inferior to the supreme Court" with the essential elements of an Article III "District Court of the United States" being: **(1)** Article III Section 1. "**The judicial Power of the United States, shall be vested in one supreme Court, and in such inferior Courts as the Congress may from time to time ordain and establish;**" and, **(2)** Article III Section 2. **The judicial Power shall extend to all Cases, in Law and Equity**, **arising under this Constitution, the Laws of the United States, and Treaties made, or which shall be made, under their Authority** is a *sine qua non* for a Court of the United States arising under Article III Sections 1 and 2 "exercising the judicial Power of the United States" and "in all Cases in Law and Equity."

Remember, "Congress may not withdraw from judicial cognizance any matter which, from its nature, is the subject of a suit at the common law, or in equity, or admiralty" as pronounced the well settled issue in *Stern v. Marshall*, 564 U.S. 462, 482-483, 484 (2014), to wit;

That is why we have long recognized that, in general, **Congress may not "withdraw from judicial cognizance any matter which, from its nature,**

Case 3:19-cv-00099-SLG   Document 21   Filed 07/15/19   Page 19 of 28

is the subject of a suit at the common law, or in equity, or admiralty." *Murray's Lessee v. Hoboken Land & Improvement Co.,* 59 U.S. 272, 18 How. 272, 284, 15 L.Ed. 372 (1856). When a suit is made of "**the stuff of the traditional actions at common law tried by the courts at Westminster in 1789,**" *Northern Pipeline,* 458 U.S., at 90, 102 S.Ct. 2858 (Rehnquist, J., concurring in judgment), and **is brought within the bounds of federal jurisdiction, the responsibility for deciding that suit rests with Article III judges in Article III courts. The Constitution assigns that job—resolution of "the mundane as well as the glamorous, matters of common law and statute as well as constitutional law, issues of fact as well as issues of law"—to the Judiciary.** *Id.,* at 86–87, n. 39, 102 S.Ct. 2858 (plurality opinion).

The United States District Court is irrevocably precluded as the unambiguous codified statute in 28 U.S.C. § 132(c) is "exercising the **judicial power of a district court** . . . by a single judge;" and the Bankruptcy Court being part of the "district court" (United States District Courts) mirrors 28 U.S.C. § 132 as found 28 U.S.C. § 151—Designation of bankruptcy courts, to wit:

> In each judicial district, the bankruptcy judges in regular active service shall **constitute a unit of the district court** to be known as the bankruptcy court for that district. Each bankruptcy judge, as a **judicial officer of the district court**, may exercise the authority conferred under this chapter with respect to any **action, suit, or proceeding** and **may preside alone** and hold a regular or special session of the court, except as otherwise provided **by law or by rule or order of the district court.**
>
> In *Wellness Intern. Newwork, Ltd, v. Shariff,* 135 S.Ct. 1932, 1938, 1943, 1944 in

jury selection, civil trials, criminal trial with the knowing consent of the parties is attempted to be authorized but is precluded even with consent as the people of the United States have a personal right to have bona fide Article III sections 1 and 2 Courts of the United States, but here is the CON with the presumption of the existence of "inferior courts" exercising the "judicial Power of the United States" in "all Cases in Law, and Equity" that DO NOT exist, to wit:

The Court concluded that allowing a magistrate judge to supervise jury selection—**with consent**—does not violate Article III, explaining that "litigants **may waive their personal right to have an Article III judge preside over a civil trial**," *id.,* at 936, 111 S.Ct. 2661 (citing *Schor,* 478 U.S., at 848, 106 S.Ct. 3245), and that **"[t]he most basic rights of criminal defendants are similarly subject to waiver,"** 501 U.S., at 936, 111 S.Ct. 2661. And "[e]ven assuming that a litigant may not waive structural protections provided by Article III," the Court found "no such structural protections ... implicated by" a magistrate judge's supervision of *voir dire.*
\* \* \*

The lesson of *Schor, Peretz,* and the history that preceded them is plain: The **entitlement to an Article III adjudicator is "a personal right"** and thus ordinarily "subject to waiver," *Schor,* 478 U.S., at 848, 106 S.Ct. 3245. **Article III also serves a structural purpose, "barring congressional attempts 'to transfer jurisdiction [to non-Article III tribunals] for the purpose of emasculating' constitutional courts and thereby prevent [ing] 'the encroachment or aggrandizement of one branch at the expense of the other.' "** *Id.,* at 850, 106 S.Ct. 3245 (citations omitted). But allowing Article I adjudicators to decide claims submitted to them **by consent** does not offend the separation of powers so long as Article III courts retain supervisory authority over the process.

## C. "Due Process of Law" and "By the Law of the Land"

In *Murray's Lessee v. Hoboken Land & Improvement Co.,* 59 U.S. 272, 276, 279-280 (1855), to wit:

> "The words, '**due process of law**,' were undoubtedly intended to convey the same meaning as the words, '**by the law of the land**,' in *Magna Charta.* \* \* \* But is it '**due process of law**?' The constitution contains no description of those processes which it was intended to allow or forbid. It does not even declare what principles are to be applied to ascertain whether it be due process. **It is manifest that it was not left to the legislative power to enact any process which might be devised.** The article is a restraint on the legislative as well as on the executive and judicial powers of the government, and cannot be so construed as to leave congress free to make any process 'due process of law,' by its mere will. \* \* \*This legislative construction of the constitution, commencing so early in the government, when the first occasion for this manner of proceeding arose, continued throughout its existence, and repeatedly acted on by the judiciary and the executive, is entitled to no inconsiderable weight upon the question

whether the proceeding adopted by it was '**due process of law**.' *Prigg v. Pennsylvania*, 16 Pet. 621; *United States v. Nourse*, 9 Pet. 8; Randolph's case, 2 Brock. 447; Nourse's case, 4 Cranch, C. C. R. 151; Bullock's case, (cited 6 Pet. 485, note.)

## D. Common Law Rules and Equity.

The only court that has the requirement of rules of common law and equity is found in the **United States Court of Federal Court of Claims** is empowered to use **Rules of Common Law and Equity** is found in 28 U.S.C. § 2515 New Trial; Stay of Judgment "**(a) The United States Court of Federal Claims may** grant a plaintiff a new trial on any ground established **by rules of common law or equity applicable as between private parties.**"

In *Purcell Envelope Col. V. United States*, 48 Ct.Cl. 66, 70, 71 (Fed.Ct.Cl. 1913), to wit:

> The word "**may,**" as used in the statute, means "**shall**" under the principle that where a **statute directs the doing of a thing for the sake of justice** or the public good the word *may* is the same as the word *shall*. *Rex* v. *Barlow*, 2 Salk., 609; *Henry* v. *United States*, 15 C. Cls. R., 162. The statute does not so much give the court discretion as it does confer a power, and this power must be exercised whenever a *prima facie* case is shown.
>
> \* \* \*
>
> [A]nd, though such a power may be somewhat anomalous, it is a power expressly given, and **that every person submitting himself to the jurisdiction of the court for the prosecution of his claim submits himself to the operation of the statute.**

The provisions of former § 282 [2215] of this title seemed to apply to the Court of Claims [now Court of Federal Claims] only as found in *Lynah v. United States*, 106 F. 121 (C.C.S.C.1901). In *King v. United States*, 31 Ct.Cl. 304, 306 (U.S.Ct.Cl. 1896) "The claimant may have been **misled by the brief of the defendants** . . . Under all the facts

and circumstances of the case, it is the opinion of the court that the claimant should have

an opportunity to retry his case upon such testimony as he may be able to produce and the

motion it therefore allowed. In *Axman v. United States*, 48 Ct.Cl. 376, 379 (Fed.Ct.Cl.

1913) "[But" nevertheless litigation can not be prolonged and cases permitted to extend

over a long period of years by innumerable motions designed to correct these errors,

**unless it is apparent to the point of certainty that the correction would bring about a**

**different result."** In *Pocono Pines Assembly Hotels Co. v. United States*, 73 Ct.Cl. 447,

462 (Fed.Ct.Cl. 1932), to wit:

> [B]ut on the contrary have allowed or disallowed the motion as the record
> in the case demonstrated either the presence or absence of **legal injustice in**
> **view of and in keeping with established precedents.** *McKay case*, 30 C.
> Cls. 1; *Monroe case*, 37 C. Cls. 79; *Goodrich case*, 48 C. Cls. 61; *Purcell*
> *Envelope case*, 48 C. Cls. 66; *Axman case*, 48 C. Cls. 376; *Bush*,
> *Receiver*, v. *United States*, 55 C. Cls. 485; *Volk case*, 56 C. Cls. 395.

In *United Affiliates Corporation v. United States*, 2019 WL 2276703, *4

(Fed.Ct.Cl. 2019), to wit:

> The Constitution "neither creates nor defines the scope of property interests
> compensable under the Fifth Amendment." *Maritrans, Inc. v. United* States,
> 342 F.3d 1344, 1352 (Fed. Cir. 2003) (citing *Bd. of Regents of State Colls.*
> *v. Roth*, 408 U.S. 564, 577, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972)). Instead,
> courts look to " 'existing rules and understandings' and 'background
> principles' derived from an independent source, such as **state, federal,**
> **or common law"** to define the requisite property interest to establish a
> taking. Id. (citing *Lucas v. S.C. Coastal Council*, 505 U.S. 1003.

See *Taylor v. United States*, 142 Fed.Cl. 464, 470 (Fed.Ct.Cl. 2019) "Instead, courts look

to " '**existing rules** and understandings' and 'background principles' derived from an

independent source, such as **state, federal, or common law"** to define the requisite

property interest to establish a taking." *Local initative Health Authority for L.A. County v. United States*, 142 Fed.Cl. 1, 20 (Fed.Ct.Cl. 2019).

In *Klamath Irr. Dist. v. United States*, 68 Fed.Cl. 119, 120, (Fed.Ct.Cl. 2005), to wit:

> Nonetheless, a motion for reconsideration of the court's ruling on a partial summary judgment motion may be filed under RCFC 59(a)(1). That subparagraph states that "reconsideration may be granted to all or any of the parties and on all or part of the issues, **for any of the reasons established by the rules of common law or equity** applicable as between private parties in the courts of the United States."

In *Florida Power and Light Co. v. United States*, 66 Fed.Cl. 93, 96 (Fed.Ct.Cl.), to wit:

> FRCP 59(a) states the grounds for granting a new trial and **presumably a motion for amendment of judgment:**
>
> **A new trial** may be granted to all or any of the parties and on all or part of the issues (1) in an action in which there has been a trial by jury, for any of the reasons for which new trials have heretofore been granted in actions at law in the courts of the United States; and (2) **in an action tried without a jury, for any of the reasons for which rehearings have heretofore been granted in suits in equity in courts of the United States.**
>
> RCFC 59(a) states the grounds:
>
> (1) A new trial or rehearing or reconsideration may be granted to all or any of the parties and on all or part of the issues, for any of the **reasons established by the rules of common law or equity applicable as between private parties in the courts of the United States.**
>
> Both rules direct a respective court to **apply common law or equity rules** to its determinations. In applying RCFC 59, judges of this Court regularly cite to cases applying FRCP 59. These cases set out the limited circumstances in which motions to reconsider a judgment may be granted. The **four basic grounds** are: (1) **to correct manifest errors of law or fact upon which the judgment is based; (2) so that a party may present newly discovered or previously unavailable evidence; (3) to prevent manifest injustice;** or (4) when there is an intervening change in the controlling law. *See, e.g., Transonic Sys. v. Non–Invasive Med. Techs.*

*Corp.,* 75 Fed.Appx. 765, 784 (Fed.Cir.2003); *Fru–Con Construction Corp. v. United States,* 44 Fed.Cl. 298, 301 (1999).

See also *Standard-Vaccuum Oil Co. v. United States*, 130 Ct.Cl. 431, 433 (Fed.Ct.Cl. 1955) "Section 2515, 28 U.S.C. provides: 'New trial; stay of judgment (a) The Court of 14Claims may grant a plaintiff a new trial on any found established **by rules of common law or equity applicable as between private parties.**"; *Stratigi Housing Finance Corp. of Travis County v. United States*, 87 Fed.Cl. 183, 186 (Fed.Ct.Cl. 2009); *Innovair Aviation, Ltd. V. United States*, 83 Fed.Cl. 105, 107 (Fed.Ct.Cl. 2008); *Government Systems advisors, Inc. v. United States*, 25 Ct.Cl. 554, 554 (Fed.Ct.Cl. 1990) "[M]ust be based upon manifest **error of law, or mistake of fact,** and is not intended to give an unhappy litigant an additional chance to sway the court. *Scott Aviation v. United States*, 21 Cl.Ct. 782 (1990); *Weaver–Bailey Contractors, Inc. v. United States*, 20 Cl.Ct. 158 (1990)."; *Keeton Corrections, Inc. v. United States*, 69 Fed.Cl. 251, 253 (Fed.Ct.Cl. 2004). Note: Approximately 202 cases in Westlaw in the United States Court of Federal Claims cite "rules of Common and equity" and RCFC 59.

.

## VII. Conclusion.

Therefore, Gladden states as an unassailable fact that his Complaint that was filed into A bona fide "District Court of the United States" arising under Article III Sections 1 and 2 "exercising the judicial Power of the United States" in "all Cases in Law, and in Equity;" and, this is not a Case that could be clothed under the "public-rights doctrine;" and, this right is secured for Gladden in the Constitution of the United States arising from

Article III Sections 1 and 2; and, that this "United States District Court" is merely a tribunal established under Article I Section 8 Clause 9; and, Congress can't withdraw the Common Law and Equity Courts from Gladden; and, the "District Court of the United States was not abolished in 1948, therein Gladden renews his Demand that this Case be transferred to a bona fide Article III Section 1 and 2 Court of the United States exercising the "judicial Power of the United States" in "all Cases in Law, and Equity" with an bona fide "independent" Article III Judge.

And further, Gladden Motions for all of **BORGHESAN's** pleading be stricken.

And further, Gladden Motions that Docket 10 and all of the Attachments are properly before a "District Court of the United States" and no Answer to date has been filed by **REIGH.**

**BORGHESAN** and **the Court** should take Notice also that a case was filed on July 9th, 2019 into the United States Federal Court of Claims being *Mooney v. United States a/k/a United States of America*, 1-19-cv-987, which will be one of many upcoming.

My Hand,

David Gary Gladden

## VIII. Verified Affidavit of David Gary Gladden.

| State of Alaska | ) |
|---|---|
| | ) ss. |
| United States of America | ) |

Comes now "David Gary Gladden" with this verified Affidavit of the facts in the Motions filed today on June 18th, 2019 and Docket 10 Third Amended Complaint and all of the Attachments are True and correct under the penalties of perjury.

1. My true name is "David Gary Gladden."

2. I am of the age of majority and competent to testify to the FACTs in this Motion and Attachments; and, Docket 10 Third Amended Complaint and all of the Attachments.

3. I have filed the Complaint in a "District Court of the United States" arising under Article III Sections 1 and 2 exercising the "judicial Power of the United States" in "all Cases in Law, and in Equity."

4. I did not file these Complaints into an Article I Section 8 Clause 9 "legislative court."

5. I do not consent to any Article I Section 8 Clause 9 "legislative Court."

6. I have been denied "Due Process of Law" to date in an Constitutional Court in the "State of Alaska" with Alaska being one of the several States.

7. As plead with holdings of the Supreme Court of the United States, Congress can't withdraw the Common Law and Equity Courts of Article III Sections 1 and 2 from Gladden.

*David Gary Gladden*

My Hand,

Sworn and subscribed before a Notary public in and for the State of Alaska on July 15th, 2019.

My Civil Commission expires on ____10 / 01 / 2022____

*Angelia Mosera*



STATE OF ALASKA
NOTARY PUBLIC
Angelina McFeron
My Commission Expires: 11/01/2022

Signature of Notary Public

[Seal]

## IX.  Certificate of Service

I certify that a true and correct copy of this Motion and

Attachments were mailed via USPS first class to the

following parties, to wit:

**CHRISTINA L. REIGH [Has been Refusing USPS Mail
so will not continue mailing to same.]**
P.O. Box 965
Dillingham, Alaska 99576

No Formal Appearance Yet by Dario Borghesan
In the "District Court of the United States"
**Courtesy Copy**
**DARIO BORGHESAN**
1031 West Fourth Avenue, Suite 200
Anchorage, Alaska 99501
907-269-5720 Phone
907-279-2834 Fax
Dario.gorghesan@alaska.gov.

Date:  July 15th, 2019

_David Gary Gladden_
Signature