# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| DAVID GARY GLADDEN, <br><br> Plaintiff, <br><br> v. <br><br> CHRISTINA L. REIGH, <br><br> Defendant. | <br><br><br><br><br><br> Case No. 3:19-cv-00099-SLG |

## ORDER RE MOTION TO DISMISS AND ALL OTHER PENDING MOTIONS

Before the Court at Docket 9 is Defendant Christina L. Reigh's Motion to Dismiss.  Also before the Court are the following motions: (1) at Docket 12, Defendant Reigh's Motion to Expunge Lis Pendens, (2) at Docket 15, Plaintiff Gladden's Motion for Judge Gleason to Transfer to a "District Court of the United States" as Judge Gleason has a Conflict of Interest and Is in an Article I Section 8 Clause 9 Tribunal, and (3) at Docket 17, Plaintiff Gladden's Motion to Accept Late Filing re [16] Response in Opposition to Motion.[1]

## BACKGROUND

Self-represented litigant David Gary Gladden filed a "Complaint and the Nature of Quo Warranto" against Christina L. Reigh on April 11, 2019, along with a civil cover sheet and the $400 filing fee.[2]   Mr. Gladden filed an Amended

---

[1] The Court will grant Mr. Gladden's motion to accept late filing filed at Docket 17, and has considered his response to the motion to dismiss filed at Docket 16.

[2] Dockets 1–3.

Complaint on May 1, 2019 and Ms. Reigh was served on May 16, 2019.[3] Mr. Gladden filed a Third Amended Complaint, actually his Second Amended Complaint, on May 24, 2019.[4]

Mr. Gladden alleges that Ms. Reigh violated his due process rights and he is entitled to damages under 42 U.S.C. § 1983.[5] The complaints include extensive discussions of "jurisdictional statements," various statutes and cases regarding public officers, and state and national citizenship, suffrage, and the relationship between the Alaska legislature and the Alaska Bar Association.[6] Mr. Gladden alleges that Ms. Reigh in her role as a Superior Court Judge for the State of Alaska: (1) proceeded in the case of *Gladden v. Bingman*, 3DI-18-00002CI with a "clear absence of all jurisdiction"; (2) presided in an "Alaska Bar Administrative District know[n] as the "Third Judicial District"; (3) presided in an "Alaska Bar Administrative Court know[n] as "IN THE SUPERIOR COURT FOR THE STATE OF ALASKA"; (4) presided merely as an "undersigned jurist"; (5) had no "'Oath of Office as a public Officer' in the public record"; (6) lacked a bona fide "Civil Commission"; and (7) ignored all "Actual Notices."[7] Furthermore, Mr. Gladden alleges that Ms. Reigh was not a de jure officer, not a de facto officer, had no public

---

[3] Dockets 5 & 8.

[4] Docket 10.

[5] Docket 5 at 12;

[6] Docket 5 at 8–93; *see also* Docket 10 at 8–122.

[7] Docket 5 at 100–102; *see also* Docket 8 at 122–126.

Case No. 3:19-cv-00099-SLG, *Gladden v. Reigh*
Order re Motion to Dismiss and Pending Motions
Page 2 of 15
Case 3:19-cv-00099-SLG Document 22 Filed 07/26/19 Page 2 of 15

office, and was "knowingly and intentionally operating in 'clear absence of jurisdiction.'"

In his Third [Second] Amended Complaint, Mr. Gladden additionally alleges Ms. Reigh discriminated against him as a citizen of Alaska, other Superior Court Judges have discriminated against him, Ms. Reigh deprived him of his rights to due process, and Ms. Reigh has taken property and land from him.[8] Furthermore, Mr. Gladden alleges that he has no remedy available to him in a "bona fide constitutional Court" or from the State of Alaska.[9]

For relief, Mr. Gladden requests damages from Ms. Reigh for (1) "actual damages of $22,404.60 to date minus interest and other fees"; (2) general and compensatory damages to be determined; (3) special damages for "filing fees, mailing, and process fees"; (4) $2,000,000.00 in punitive damages "to be adjusted by jury of my peers being 'citizens of Alaska' or by a bona fide Article III 'Judge of the United States' exercising the 'judicial Power of the United States' if a Bench Trial for the intentional, willful, and malicious actions against Gladden in 'clearly absence of all jurisdiction' and the damage to the reputation of Gladden and any future work on Airplanes by REIGH"; and (5) any other relief deemed appropriate by the Court.[10]

---

[8] Docket 10 at 125.

[9] Docket 10 at 126.

[10] Docket 10 at 127.

Case No. 3:19-cv-00099-SLG, *Gladden v. Reigh*
Order re Motion to Dismiss and Pending Motions
Page 3 of 15
Case 3:19-cv-00099-SLG   Document 22   Filed 07/26/19   Page 3 of 15

On May 28, 2019, Ms. Reigh filed a Motion to Dismiss through her counsel Dario Borghesan.[11] Ms. Reigh alleges that Mr. Gladden has failed to state a claim under Federal Rule of Civil Procedure 12(b)(6). Specifically, Ms. Reigh argues (1) that she has judicial immunity from Mr. Gladden's § 1983 action, (2) the *Rooker-Feldman* doctrine precludes the Court from granting relief, and (3) Mr. Gladden has failed to plausibly allege facts that demonstrate a constitutional violation or violation of federal statute as required by § 1983. Mr. Gladden responded by alleging that Mr. Borghesan has lied to the Court.[12] Ms. Reigh replied ceding the *Rooker-Feldman* argument, but reiterating that she is judicially immune from this suit.[13]

Additionally, Mr. Gladden recorded a lis pendens on Ms. Reigh's property in Dillingham, Alaska based on this litigation.[14] Ms. Reigh has filed a Motion to Expunge Lis Pendens, and argues that there is no claim regarding the possession or ownership of real property in this action.[15] Mr. Gladden has not filed a response to this motion.

---

[11] Docket 9.

[12] Dockets 16 & 17.

[13] Docket 18.

[14] Docket 7.

[15] Docket 12.

Case No. 3:19-cv-00099-SLG, *Gladden v. Reigh*
Order re Motion to Dismiss and Pending Motions
Page 4 of 15
Case 3:19-cv-00099-SLG   Document 22   Filed 07/26/19   Page 4 of 15

Mr. Gladden has filed a Motion for Judge Gleason to Transfer to a "District Court of the United States" as Judge Gleason has a Conflict of Interest.[16] Ms. Reigh has filed an opposition to that motion, to which Mr. Gladden filed a reply.[17]

Mr. Gladden has also filed a document entitled "Objection to the Dario Borghesan Intrusion into this Instant Controversy,[18] as well as an "Opposition to Docket 18 Reply Filed by DARIO BORGHESAN ('BORGHESAN') and Docket 18 Should be Stricken"[19] and "Reply to Docket 19 of DARIO BORGHESAN ('BORGHESAN') Opposition to Doc 13; Objection to Doc 14 and Objection to Doc 15; and, Docket 19 Should be Stricken ('Reply')."[20]

## LEGAL STANDARD

### I. Jurisdiction and Applicable Law

The Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 because Mr. Gladden alleges a claim under 42 U.S.C. § 1983, a cause of action arising from federal statute.[21] In order to plead a proper § 1983 claim, a plaintiff must allege plausible facts that if proven would establish each of the required elements of: "(1) a violation of rights protected by the Constitution or created by

---

[16] Docket 15.

[17] Docket 19 (Opp'n); Docket 21 (Reply).

[18] Docket 14

[19] Docket 20.

[20] Docket 21.

[21] Docket 5 at 12; Docket 10 at 15.

Case No. 3:19-cv-00099-SLG, *Gladden v. Reigh*
Order re Motion to Dismiss and Pending Motions
Page 5 of 15
Case 3:19-cv-00099-SLG   Document 22   Filed 07/26/19   Page 5 of 15

federal statute, (2) proximately caused (3) by conduct of a 'person' (4) acting under color of state law."[22] Additionally, the Court extends supplemental jurisdiction over the Alaska state law issue of the validity of a lis pendens against Ms. Reigh in accordance with 28 U.S.C. § 1367.

## II. Standard for Dismissal

A defendant may seek dismissal of an action for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). To withstand a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[23] When reviewing a Rule 12(b)(6) motion, a court considers only the pleadings and documents incorporated into the pleadings by reference, as well as matters on which a court may take judicial notice.[24] A court "accept[s] factual allegations in the complaint as true and construe[s] the pleadings in the light most favorable to the nonmoving party."[25] A court "need not accept as true conclusory allegations that are contradicted by documents referred

---

[22] 42 U.S.C. § 1983; *Gibson v. United States*, 781 F.2d 1334, 1338 (9th Cir. 1986); *see also Pistor v. Garcia*, 791 F.3d 1104, 1114 (9th Cir. 2015).

[23] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 570 (2007)).

[24] *Metzler Inv. GMBH v. Corinthian Colleges, Inc.*, 540 F.3d 1049, 1061 (9th Cir. 2008) (citing *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007)).

[25] *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 518 F.3d 1025, 1031 (9th Cir. 2008).

Case No. 3:19-cv-00099-SLG, *Gladden v. Reigh*
Order re Motion to Dismiss and Pending Motions
Page 6 of 15
Case 3:19-cv-00099-SLG   Document 22   Filed 07/26/19   Page 6 of 15

to in the complaint."[26] In conducting its review, a court must liberally construe a self-represented plaintiff's pleading and give the plaintiff the benefit of the doubt.[27]

When a motion to dismiss for failure to state a claim is granted, a court "should freely give leave when justice so requires."[28] But leave to amend is properly denied as to those claims for which amendment would be futile.[29]

## DISCUSSION

**1. Judge Gleason does not have a conflict of interest and retains jurisdiction over this action.**

At Docket 15, Mr. Gladden moves the Court for Judge Gleason to transfer this case to a "District Court of the United States." He also maintains that the District of Alaska is an Article I Tribunal, not an Article III tribunal. The United States District Court for the District of Alaska is an Article III Court.[30] Judge

---

[26] *Manzarek*, 519 F.3d at 1031 (*citing Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003)).

[27] *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc)).

[28] Fed. R. Civ. P. 15(a).

[29] *Gordon v. City of Oakland*, 627 F.3d 1092, 1094 (9th Cir. 2010) (citing *Albrecht v. Lund*, 845 F.2d 193, 195 (9th Cir. 1988)).

[30] 28 U.S.C. § 81A (This statute provides, "Alaska constitutes one judicial district. Court shall be held at Anchorage, Fairbanks, Juneau, Ketchikan, and Nome." The statute is found under part "Organization of Courts, ch. 5 "District Courts"). *See also* Exec. Order No. 10867, 25 Fed. Reg. 1584 (February 20, 1960) (terminating the United State District Court for the Territory of Alaska in anticipation of the transition and replacement with the United States District Court for the District of Alaska upon Alaska's statehood.). The United States District Court for the District of Alaska is and may also be properly referred to as the U.S. District Court, the District Court of Alaska, the federal court, etc.

Case No. 3:19-cv-00099-SLG, *Gladden v. Reigh*
Order re Motion to Dismiss and Pending Motions
Page 7 of 15
Case 3:19-cv-00099-SLG   Document 22   Filed 07/26/19   Page 7 of 15

Gleason is an Article III judge presiding in the United States District Court for the District of Alaska.[31] As long established, "Congress has, under this authority created the district courts" and Congress "vested each of them with a defined portion of the judicial power of the Constitution."[32] Mr. Gladden's argument that Judge Gleason does not preside over an Article III tribunal is without merit.[33] Insofar as Mr. Gladden requests a transfer of this case to a "District Court of the United States," the motion is without merit and will be denied.

Mr. Gladden also seeks Judge Gleason's recusal; he maintains that Judge Gleason has a "Conflict of Interest as GLEASON was a Superior Court Judge for many years having no "Office" established by the Legislature of the State of Alaska or the Constitution of Alaska."[34] Furthermore, Mr. Gladden takes issue with Judge Gleason's membership in the Alaska Bar Association.[35]

Federal law, passed by Congress, governs when a federal judge must

---

[31] Judge Gleason was nominated to the U.S. District Court on April 6, 2011, confirmed by the United States Senate on November 15, 2011, and received her commission on January 4, 2012. PN398—Sharon L. Gleason, 112th Congress, proceedings of the United States Senate Committee on the Judiciary; https://www.congress.gov/nomination/112th-congress/398.

[32] *United States v. Union Pacific R. Co.*, 98 U.S. 569, 603 (1878) (referring to the judicial power found in Article III of the United States Constitution); *see also* 28 U.S.C. § 81A.

[33] *See Glidden Co. v Zdanok*, 370 U.S. 530 (1962) (discussing the role of tribunals, the use and limitations of legislation in the creation of such tribunals, and their difference from Article III courts); *see also Commodity Futures Trading Comm'n v. Schor*, 478 U.S. 833 (1986).

[34] Docket 15 at 2.

[35] Docket 15 at 1–2.

Case No. 3:19-cv-00099-SLG, *Gladden v. Reigh*
Order re Motion to Dismiss and Pending Motions
Page 8 of 15
Case 3:19-cv-00099-SLG   Document 22   Filed 07/26/19   Page 8 of 15

disqualify herself from a proceeding. Under 28 U.S.C. § 455(a), a judge must recuse herself if a reasonable person with knowledge of all the facts would conclude that her impartiality might reasonably be questioned.[36] Actual bias is not required; "the appearance of impropriety can be a sufficient basis for judicial recusal."[37] And yet a judge "must not simply recuse out of an abundance of caution when the facts do not warrant recusal. Rather, there is an equally compelling obligation not to recuse where recusal [is] not appropriate."[38]

Judge Gleason has no personal bias or prejudice against either party and no independent knowledge of the disputed facts, beyond what has been properly presented to her by each of the parties in their court filings. Neither the fact that she served as a state court judge in the past nor her inactive membership in the Alaska Bar Association warrants recusal. Therefore, the motion for recusal at Docket 15 will be denied.

### 2. Attorney Borghesan's representation of Ms. Reigh is proper.

Mr. Gladden objects to Dario Borghesan's legal representation of Ms. Reigh.[39] Mr. Borghesan notified Mr. Gladden of his representation of Ms. Reigh.[40]

---

[36] *Perry v. Schwarzenegger*, 630 F.3d 909, 911 (9th Cir. 2011).

[37] *Blixseth v. Yellowstone Mountain Club*, LLC, 742 F.3d 1215, 1219 (9th Cir. 2014).

[38] *United States v. Sierra Pac. Indus.*, 759 F. Supp. 2d 1198, 1200–01 (E.D. Cal. 2010).

[39] Docket 14; see also Docket 15 at 2–3. Mr. Gladden reiterates his objection to Mr. Borghesan at Dockets 20 & 21. Mr. Gladden's briefing at Dockets 20 & 21 has neither provided new arguments, nor meritorious arguments that alter the Court's analysis of Mr. Borghesan's representation of Ms. Reigh.

[40] Docket 14-2.

Case No. 3:19-cv-00099-SLG, *Gladden v. Reigh*
Order re Motion to Dismiss and Pending Motions
Page 9 of 15
Case 3:19-cv-00099-SLG Document 22 Filed 07/26/19 Page 9 of 15

Additionally, Local Civil Rule 11.1(a)(1) states that "filing a document on behalf of a party constitutes an entry of appearance on behalf of the party; no separate entry of appearance is required." No additional filing or notice is required for an attorney to represent a party in federal court in the District of Alaska. Mr. Gladden's objection to Mr. Borghesan's representation of Ms. Reigh is overruled.

### 3. The Lis Pendens filed against Ms. Reigh is expunged.

At Docket 7, Mr. Gladden filed a copy of the Notice of Lis Pendens he had caused to be recorded against Ms. Reigh's real property.[41] A lis pendens is a "notice, recorded in the chain of title to real property, required or permitted in some jurisdictions to warn all persons that certain property is the subject matter of litigation[.]"[42] Mr. Gladden's complaint against Ms. Reigh alleges a violation of his due process rights. Ms. Reigh's property is not at issue in this litigation.

Alaska Statute 09.45.940 governs the imposition of lis pendens "in an action affecting the title to or the right of possession of real property." The Alaska Supreme Court "strictly construe[s] this statute," holding that "[a] lis pendens is only appropriate in cases disputing title or physical possession of real property."[43]

---

[41] The lis pendens is filed at Docket 7 with the Court; therefore, the Court assumes jurisdiction for its expungement. *See Orange Cty. v Hongkong & Shanghai Banking Corp.*, 52 F.3d 821, 822 (9th Cir. 1995) (holding the district court had jurisdiction to expunge a lis pendens in accordance with applicable state law).

[42] *Black's Law Dictionary* (10th ed. 2014).

[43] *Gladden v. City of Dillingham*, No. S-15073, 2014 WL 4952505, at *3 (Alaska Oct. 1, 2014) (citing *Asher v. Alkan Shelter LLC*, 212 P.3d 772, 782 n. 34 (Alaska 2009), abrogated on other grounds *by Shaffer v. Bellows,* 260 P.3d 1064 (Alaska 2011)). The Court takes judicial notice that Mr. Gladden has previously filed meritless lis pendens

Case No. 3:19-cv-00099-SLG, *Gladden v. Reigh*
Order re Motion to Dismiss and Pending Motions
Page 10 of 15
Case 3:19-cv-00099-SLG   Document 22   Filed 07/26/19   Page 10 of 15

Accordingly, without real property at issue, the recording of a lis pendens is improper. Therefore, the Motion to Expunge Lis Pendens at Docket 12 will be granted, and the lis pendens at Docket 7 against Mr. Reigh's property will be expunged. Ms. Reigh may submit a proposed order suitable for recording consistent with this determination.

### 4. Mr. Gladden has failed to state a claim upon which relief can be granted, because Ms. Reigh is immune from suit.

At Docket 9, Ms. Reigh filed a Motion to Dismiss under Rule 12(b)(6) for failure to state a claim upon which relief may be granted. The parties disagree as to whether the First Amended Complaint or the Third [Second] Amended Complaint is the operative complaint before the Court.[44] The Federal Rules of Civil Procedure allow a party to amend once as a matter course within 21 days of service.[45] Additional amended complaints must either receive consent from opposing counsel or leave of the Court, which the Court should give freely.[46] In the interest of liberal construction for a self-represented plaintiff, the Court has reviewed both of the complaints. But under either complaint, the resolution remains the same: Ms. Reigh is immune from suit and Mr. Gladden's complaints must be dismissed with prejudice.

---

where real property was not at issue in a lawsuit.

[44] *See* Docket 13; *See* Docket 19.

[45] Fed. R. Civ. P. 15(a)(1).

[46] Fed. R. Civ. P. 15(a)(2).

Case No. 3:19-cv-00099-SLG, *Gladden v. Reigh*
Order re Motion to Dismiss and Pending Motions
Page 11 of 15
Case 3:19-cv-00099-SLG   Document 22   Filed 07/26/19   Page 11 of 15

In order to plead a proper § 1983 claim, a plaintiff must allege plausible facts that if proven would establish each of the required elements of: "(1) a violation of rights protected by the Constitution or created by federal statute, (2) proximately caused (3) by conduct of a 'person' (4) acting under color of state law."[47] Ms. Reigh operates as a state actor in her role as a judge for the Superior Court of Alaska. However, not all state actors are subject to liability under 42 U.S.C. § 1983. Judges have absolute immunity from § 1983 suits for judicial acts.[48]

Since 1872, the Court has recognized that in order to ensure the proper administration of justice, a judge "in exercising the authority vested in him, be free to act upon his own convictions, without apprehension of personal consequences to himself."[49] "Judges are immune from damage actions for judicial acts taken within the jurisdiction of their courts."[50] A judge will not be deprived of immunity because the action she took was in error, was done maliciously, or was in excess of her authority; rather, she will be subject to liability only when she has acted in the "clear absence of all jurisdiction."[51]

---

[47] *Gibson v. United States*, 781 F.2d 1334, 1338 (9th Cir. 1986); *see also Pistor v. Garcia*, 791 F.3d 1104, 1114 (9th Cir. 2015).

[48] *See Stump v. Sparkman*, 435 U.S. 349, 357–58 (1978) (holding that judge's order that authorized sterilization of 15-year-old girl without her knowledge was unconstitutional, but that judge was immune from suit because order was a judicial act.).

[49] *Bradley v. Fisher*, 80 U.S. (13 Wall.) 335, 337 (1872).

[50] *Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986) (citing *Bradley*, 80 U.S. at 347.).

[51] *Stump*, 435 U.S. at 357-58 (quoting *Bradley*, 80 U.S. at 351.).

Case No. 3:19-cv-00099-SLG, *Gladden v. Reigh*
Order re Motion to Dismiss and Pending Motions
Page 12 of 15
Case 3:19-cv-00099-SLG   Document 22   Filed 07/26/19   Page 12 of 15

When evaluating whether a judge's act was performed within her judicial authority, courts focus on whether "(1) the precise act is a normal judicial function; (2) the events occurred in the judge's chambers; (3) the controversy centered around a case then pending before the judge; and (4) the events at issue arose directly and immediately out of a confrontation with the judge in his or her official capacity."[52] "These factors are to be construed generously in favor of the judge and in light of the policies underlying judicial immunity."[53]

Mr. Gladden's claims center on Ms. Reigh's ruling against him in his recent state court lawsuit, *Gladden v. Bingman*, 3DI-18-00002CI. Mr. Gladden filed that suit in state court seeking to enforce a contract for labor performed on an airplane against state defendant Mr. Bingman, who counterclaimed for damages to his airplane.[54] After a bench trial, Judge Reigh found no contract existed, and awarded Mr. Bingman approximately $22,704.00 in damages for interference, unsanctioned possession, and unauthorized modifications made to this airplane.[55] Judge Reigh also issued a Writ of Assistance due to Mr. Gladden's repeated failure to return the logbook for Mr. Bingman's airplane.[56]

Following the entry of judgment in the state, Mr. Gladden filed this suit in

---

[52] *Ashelman*, 793 F.2d 1072, 1075-76 (citations omitted).

[53] *Ashelman*, 793 F.2d 1072, 1076.

[54] Docket 5-23.

[55] Dockets 5-24 & 10-28.

[56] Dockets 5-15 & 10-29.

Case No. 3:19-cv-00099-SLG, *Gladden v. Reigh*
Order re Motion to Dismiss and Pending Motions
Page 13 of 15
Case 3:19-cv-00099-SLG   Document 22   Filed 07/26/19   Page 13 of 15

federal court alleging that his due process rights had been violated by Judge Reigh. After invoking Judge Reigh's jurisdiction in state court as a plaintiff, Mr. Gladden now attacks Judge Reigh's judicial authority. But Judge Reigh's actions and decision in Mr. Gladden's state proceeding are normal judicial functions, occurred in her courtroom, and were taken in a case pending before her. Mr. Gladden's claims against Judge Reigh arise directly from her decision against him as a state court judge. Judge Reigh's actions are solely arising from her judicial authority. Therefore, Judge Reigh is immune from suit and Mr. Gladden has failed to state a claim upon which relief may be granted. Mr. Gladden's challenges to Judge Reigh's determinations in the state court case would be reviewable on appeal to the Alaska Supreme Court.

The Court further finds that any attempt at amending the complaint to try to state a claim upon which relief could be granted would be futile, Therefore, Mr. Gladden's complaints and this case must be dismissed with prejudice.

**IT IS THEREFORE ORDERED:**

1. Judge Reigh's Motion to Dismiss at Docket 9 is GRANTED. The case is dismissed with prejudice as the defendant is immune from suit.

2. Judge Reigh's Motion to Expunge Lis Pendens at Docket 12 is GRANTED. Ms. Reigh may submit a proposed order to the Court appropriate for recording the expungement.

3. Mr. Gladden's Motion to Transfer at Docket 15 is DENIED.

Case No. 3:19-cv-00099-SLG, *Gladden v. Reigh*
Order re Motion to Dismiss and Pending Motions
Page 14 of 15

Case 3:19-cv-00099-SLG   Document 22   Filed 07/26/19   Page 14 of 15

4. Mr. Gladden's Motion to Accept Late Filing at Docket 17 is GRANTED.

5. The Clerk of Court is directed to enter a final judgment accordingly.

DATED this 26th day of July, 2019 at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

Case No. 3:19-cv-00099-SLG, *Gladden v. Reigh*
Order re Motion to Dismiss and Pending Motions
Page 15 of 15
Case 3:19-cv-00099-SLG   Document 22   Filed 07/26/19   Page 15 of 15