# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ALASKA

DAVID GARY GLADDEN,

        Plaintiff,

        v.

CHRISTINA L. REIGH,              Case No. 3:19-cv-00099-SLG

        Defendant.

## ORDER RE ATTORNEY'S FEES

Before the Court at Docket 24 is Defendant Christina L. Reigh's Motion for Attorney's Fees. Ms. Reigh requests an award of $2,932.50 against Mr. Gladden, which is 25% of her costs incurred in the suit.[1] Mr. Gladden did not file any response to the motion.

42 U.S.C. § 1988(b) provides for the awarding of attorney's fees to the prevailing party in a Section 1983 action. In civil rights cases, fees should only be "awarded to a defendant in exceptional circumstances."[2] "These limitations apply with special force in actions initiated by uncounseled prisoners" or self-represented litigants.[3] A "plaintiff's action must be meritless in the sense that it is groundless

---

[1] Docket 24 at 2; *see also* Docket 24-2 & Docket 24-3.

[2] *Barry v. Fowler*, 902 F.2d 770, 773 (9th Cir. 1990); *see also Manufactured Home Cmtys. Inc. v. City of San Jose*, 420 F.3d 1022, 1036 (9th Cir. 2005).

[3] *Hughes v. Rowe*, 449 U.S. 5, 15 (1980).

or without foundation."[4]  A prevailing defendant should only be awarded "where the action is found to be unreasonable, frivolous, meritless, or vexatious."[5]

Mr. Gladden initiated this Section 1983 action against Christina L. Reigh, an Alaska Superior Court judge, who has absolutely immune from suit regarding her judicial acts.[6]  In addition to his numerous and voluminous complaints, Mr. Gladden filed meritless motions including a *lis pendens* in a case without real property in dispute, a motion to transfer to a "bona fide Article III District Court of the United States," and an objection to the participation of defense counsel.[7]  Prior to this case, Mr. Gladden had previously litigated his theory that the judges of the Alaska Court System were illegitimate, which was deemed "frivolous" by the Alaska Supreme Court.[8]  Further, Mr. Gladden has used meritless *lis pendens* as an inappropriate litigation tool in prior state court litigation.[9]

Accordingly, the Court finds Mr. Gladden's lawsuit in this instance without foundation and unreasonable.  Therefore, an award of fees to Ms. Reigh is appropriate to discourage Mr. Gladden from further filing unfounded legal actions against public officials.

---

[4] *Hughes*, 449 U.S. at 14.

[5] *Patton v. Cty. of Kings*, 857 F.2d 1379, 1381 (9th Cir. 1988) (internal citations and quotations omitted).

[6] Dockets 1, 5, 10.

[7] Dockets 7, 15 at 10, & 14.

[8] *Gladden v. City of Dillingham*, Case No. S-14977.

[9] *Gladden v. City of Dillingham et al*, Case No. 3DI-12-00036CI; Docket 24-4.

Case No. 3:19-cv-00099-SLG, *Gladden v. Reigh*
Order re Motion for Attorney's Fees
Page 2 of 3
Case 3:19-cv-00099-SLG   Document 25   Filed 10/23/19   Page 2 of 3

**IT IS HEREBY ORDERED** that Ms. Reigh's Motion at Docket 24 is GRANTED and attorney's fees in the amount of $2,932.50 is awarded to Ms. Reigh. The Clerk of Court is directed to amend the judgment accordingly.

DATED this 23rd day of October, 2019 at Anchorage, Alaska.

/s/ *Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

Case No. 3:19-cv-00099-SLG, *Gladden v. Reigh*
Order re Motion for Attorney's Fees
Page 3 of 3
Case 3:19-cv-00099-SLG   Document 25   Filed 10/23/19   Page 3 of 3